## DENNIS W. DAWLEY, Appellant, v. BENJAMIN P. VAN COURT, Appellee.

### APPEAL FROM BUREAU.

Imperfections and irregularities in any part of the chain, by which color of title is derived, will not alone be regarded as evidence of a want of good faith.

Payment of taxes and color of title must be coincident in fact and person, to secure the benefit of the second section of the limitation act of 2nd March, 1839. Payment of taxes by a person not holding the color of title, will be unavailing

If it appears that A. and B. paid taxes on land from 1845 to 1855, the presumption will be that they paid jointly, and not each for himself. And if B. had not any color of title, then A. would have paid on one undivided half of the land, and would bring himself within the limitation act to that extent.

One who holds color of title to the undivided half of a tract of land, but pays taxes on the whole tract, may have the benefit of the statute for the part of which he has color of title, but no farther. And so of the payment of taxes due on a part of a tract, where the payer has color of title to the whole; the payer may have the benefit of the limitation for the part for which he has paid.

THIS was an action of ejectment, brought by Van Court, in the Bureau Circuit Court, at the January term, 1857, to recover the possession of the south-east quarter of section 1, town 15 north, range 13 east, in Bureau county.

The declaration and notice are in the usual form.

At the September term, 1857, the defendant filed his plea, and a trial was had by the court, and a finding and judgment for the plaintiff, and the defendant took an order for a new trial under the statute.

At the January term, 1858, by the agreement of the parties, a jury was waived, and the cause was submitted for trial to Judge BALLOU, who found for the plaintiff. The defendant moved for a new trial, which motion was overruled, and judgment entered for plaintiff, and a writ of possession awarded. The defendant prayed this appeal.

The bill of exceptions shows that the plaintiff introduced, 1st, an exemplification of a patent from the United States to James Patrick, for the land in controversy; 2nd, a regular chain of conveyances from the patentee to the plaintiff; and rested his case.

The defendant introduced, 1st, a deed or patent from the auditor of public accounts of the State of Illinois, to Aaron E. May, reciting that the clerk of the County Commissioners' Court of Bureau county, did, on September 1, 1845, at Princeton, in conformity with the requisitions of an act entitled "An Act regulating the assessment and collection of the 'public revenue,'" approved March 3rd, 1845, sell the land in controversy, (which had been forfeited to the State for the non-payment of

the taxes, etc., for 1839,) to Aaron E. May, for $7.81, and conveying the land in controversy to said A. E. May. This deed bears date March 18, 1846, and was filed for record August 20th, 1846.

2nd. A warrantee deed from Aaron E. May, conveying the premises to James C. May, before the commencement of the suit.

3rd. The defendant then proved that he was the tenant of James C. May, and held possession of the premises under him.

4th. The defendant proved that James C. May and Aaron E. May had paid all taxes on the land every year from 1845 to 1855, inclusive ; and then rested his case.

The plaintiff then introduced the record of the tax sale of Bureau county, for the taxes of 1839, being,

1st. A report of Cyrus Langworthy, collector, dated March 17, 1840, showing the land in controversy to be delinquent, and the tax thereon $2.40, costs, 06.

2nd. A certificate of the publication of notice.

3rd. The record of a judgment for taxes in the Circuit Court of Bureau county, at the March term, 1840.

4th. The return of the collector.

It was admitted that defendant was in possession, at and before the commencement of the suit, and had been for three years.

The court found the issues for the plaintiff, and rendered judgment, and defendant excepted.

The errors assigned are :

1st. That the court erred in finding for plaintiff below.

2nd. The court erred in rendering judgment for plaintiff below.

3rd. The court erred in overruling appellant's motion for a new trial.

4th. And in rendering the judgment in manner aforesaid.

GEORGE W. STIPP, and W. H. L. WALLACE, for Appellant.

PETERS & FARWELL, for Appellee.

WALKER, J. On the trial of this cause in the Circuit Court, the appellee read in evidence a regularly connected title from the United States Government, sufficient to authorize a recovery of the premises in controversy, unless his action is barred by the statute of limitations. The land had been offered for sale in 1840, for the taxes of 1839, and for the want of bidders was stricken off to the State. It was sold to Aaron E. May, in September, 1845, for the non-payment of these taxes, upon which sale the auditor executed to him a deed on the 18th of

March, 1846, which was introduced in evidence by appellant. Also a deed of conveyance by Aaron E. May to James C. May, the date of which is not given in the bill of exceptions. And appellant proved that he was tenant of, and held possession of the premises under James C. May. The bill of exceptions also contains this statement, " Defendant proved that the said James C. May and Aaron E. May had paid all taxes upon the said premises every year from the year 1845 to the year 1855 inclusive." It was admitted on the trial, that the defendant was then in possession and had been for only the three years previous to the trial. The appellee also introduced the collector's notice, report of delinquent taxes, the judgment and precept for the sale for taxes in 1840, to show irregularities in those proceedings, and to charge a want of good faith in the holders of the color of title. Upon this evidence the court, which tried the case found for appellee and rendered judgment against appellant, from which he appeals to this court.

This court has repeatedly held that imperfections and irregularities in any part of the chain by which color of title is derived, will not of itself be urged as evidence of a want of good faith, by the holder of such color. Those decisions are, we think, based upon a true construction of the act of March 2, 1839, and we see no reason requiring a departure from that construction, and we therefore deem it unnecessary to again discuss that question in this case.

The question is presented by this record, whether the holders of the color of title have paid all taxes legally assessed upon the land for the period of seven successive years, under such color, in the manner required by the statute. We have held in the case of *Dunlap* v. *Daugherty*, 20 Ill. R. 397, in giving a construction to the second section of this act, that payment of taxes and color of title must unite and concur in the same person, at the time when the payment is made, to be available under its provisions. That the payment of the taxes by a person not holding the color of title, was not in accordance with its provisions, and could not be relied upon to bar a recovery. The language of this section, in terms requires the holder of the color to make the payment, for the limited period, to be availing. And when possession of the premises is dispensed with, during the period of limitation, and the color of title is not required to be recorded, and there is not even a requirement that the tax payer's name shall be entered upon the collector's books at the time the taxes are paid, or that the holder of the color of title shall do any other act tending to give notice, either actual or constructive, to the holder of the better title, of an adverse claim by the tax payer, we feel that courts

should at least require persons relying upon the benefits of this section, to show that they have conformed to its provisions. They are so liberal and easy of performance as to require no enlargement, or its protection to be extended beyond the class of cases provided for by its terms. If the holder of the color of title may have his unrecorded deeds, and his tax receipts in his pocket, and his name not appearing on the collector's books as having paid the taxes, and if from his advantage of residence near the collector, and by superior activity he can prevent the owner of the better title from being the first to pay, for any one of the seven years, the owner may not know, against whom to institute legal proceedings to test his rights. And he would have no alternative but to reduce the land to possession, to prevent its being lost by the limitation. When a bar to a recovery may be thus easily obtained, it would be calculated to work great injustice to permit the holder to appropriate the payment made by a stranger to the title, acting without any authority from him, and not for his use, as a sufficient payment to defeat a recovery. Such could not have been the intention of the legislature by the adoption of this section.

The bill of exceptions states that Aaron and James May paid all the taxes on the premises every year, from 1845 to 1855, inclusive. This language can bear no other construction than that those taxes were paid by them jointly. And there is no evidence that the half of the taxes paid by James during the time Aaron was the holder of the color were paid for his use, nor that the payments made by Aaron while James held it, were made for his. Then there was during this whole period, a payment of one-half of the taxes assessed, by a person not having color of title to the land, while the other half of the taxes were paid by the holder of such color. The payment and color then united in the person making the payments, at the time they were made, to the extent only of an undivided half of the land. The holder of the color of title then by paying all the taxes upon the undivided half of the premises in controversy, for the period of limitation, has brought himself within the provisions of the second section, and is entitled to its protection, and may invoke its aid to the extent of an undivided half of the premises. That a person holding color of title to an entire tract, and paying taxes for the limited period, on a specific portion of the tract, would be entitled to the protection of the statute to the extent of such payment, there can be no doubt. If the holder of color of title to an undivided portion of a tract of land, were to pay all the taxes assessed upon the whole tract for the full period of limitation, such payment would create a statutory bar to the extent of the interest held by such color of

title, and no further.   And for the same reason, when a person holds color for an entire tract, and pays taxes on an undivided portion of the tract, he is entitled to the protection of the statutory bar to the extent of his payment.   Because he has color of title to the whole tract, he is not compelled to assert his rights to the whole by paying taxes upon it.   He may, if he choose, assert or abandon his rights to all or any portion of it.   The Circuit Court therefore erred in rendering judgment in favor of the plaintiff below for the recovery of the entire tract.   Nor could he, under the decisions of this court, recover an undivided interest under a declaration claiming the entire tract ; but to do so, there must be an appropriate count adapted to the interest claimed.   *Ballance* v. *Rankin*, 12 Ill. R. 420.

It is urged that the land was not vacant during the period of seven years when the taxes were paid, and for that reason the statute did not operate to create a bar to a recovery.   The objection is not sustained by the record, and even if it were, it is believed to be without force.   The bill of exceptions shows that all taxes were paid every year, from 1845 to 1855, inclusive. The color of title united with the payment of one-half of the taxes after the 18th day of March, 1846, and the seven years fully elapsed on the 18th day of March, 1853, over four years before the trial, and the evidence shows the premises had only been in possession for three years previous to the trial.   Possession was then taken in 1854, and after the seven years of payment of taxes on half of the land, united with the color of title, had become complete.   So it is perceived this objection does not really exist.

The judgment of the Circuit Court is reversed, and the cause remanded, with leave to amend the declaration.

*Judgment reversed.*