JOHN W. CHICKERING *et al.*

*v.*

THOMAS H. FAILE, Executor, etc., *et al.*

1. TAX TITLE—*requisites of the judgment.* In a proceeding to divest title by summary action the judgment for the taxes, must, in terms, show the amount due, otherwise a sale under it is void.

2. SAME—*requisites of proceedings prior to the judgment.* But the assessment rolls, warrant, or other proceedings *prior* to the judgment for taxes, are not rendered invalid, or illegal, by reason of the absence of a word or character to the numerals, designating the amount of the valuation, or the taxes.

3. When, under claim and color of title, all the taxes legally assessed are paid for the full period of limitation, a bar is created to the redemption of any portion of the property.

4. TENANTS IN COMMON—*payment of taxes by one.* Payment of taxes by one tenant in common on the joint property, enures to the benefit of both and is considered as payment by both tenants. The party making the payment can look to the other for contribution.

APPEAL from the Circuit Court of Cook county.

This cause has been twice before this court, between the same parties, and is reported in 26 Ill. 507, and 29 Ill. 294. In this appeal, William S. Johnson and his assignees are added parties defendant.

The case is fully stated in the reports referred to, and the questions now presented by counsel are given in the opinion of the court.

Messrs. BORDEN and CHICKERING, for appellants.

Messrs. ARRINGTON and DENT, and Messrs. MATHER and TAFT, for appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

After again reviewing and giving the questions decided in this case when previously before us a careful consideration, we see no reason to be dissatisfied with the conclusions there announced. The portions of the premises then held not to be subject to redemption by reason of the bar of the statute of limitations, we must consider as being still exempt from redemption. We therefore feel it unnecessary to again discuss the questions then presented and passed upon by the court.

When the case was before us, as reported in 29 Ill. 294, it was held that the color of title and payment of taxes concurred as to Lee's interest in the north-east quarter of section twenty-nine for the full period of seven years, and that the bar to a redemption was complete. It is now objected, that for the years of 1847, 1848, 1849 and 1850, the taxes were not legally assessed, and that without including the payment for those years, there was not a payment of all taxes legally assessed for the period of seven successive years, as to Lee's title. The defect relied upon is the want of some word or character annexed to the valuation to indicate the sum in dollars and cents. In a proceeding to divest title by summary action, it has been

held that such a defect in the judgment for the taxes rendered the sale void. But this is a different question. We are not prepared to hold that such an assessment is void, as, if it is, all the acts performed under the assessment would render the officers wrong doers, and subject them to an action for taxes collected on the assessment, and the collector a trespasser for distraining property for the collection of such taxes. We do not regard this omission as rendering the assessment illegal, nor the tax extended upon it, although there may have been nothing but the numerals to indicate its amount.

We are not prepared to hold that the want of such a character in the assessment roll to designate the amount of the valuation or the taxes will render the assessment, or the collector's warrant, invalid and illegal. We see that the officers of the law acted upon these rolls and warrants as legal and binding, and the owners admitted them to be legal and paid the taxes assessed upon their property, and we think that is sufficient. The officers of the law claimed, in good faith, of property holders certain sums to be due for taxes which they admitted and paid. No person but the parties in interest has a right to object. We are not disposed to apply the want of a word or character to the numerals, to indicate the sum of taxes due, as a defect to anything prior to the application of the collector for a judgment against delinquent lands, and would not even apply it to the judgment were it not that the judgment must find the sum for which it is rendered. To all of the proceedings prior to the judgment for taxes all persons know what the numerals represent, the amounts, and act upon them accordingly. And persons might so understand in a judgment, but we understand the law to be inflexible that the judgment must, in terms, find the sum due.

It is insisted that the payment of taxes on the remaining tract, the south-west quarter of section twenty, did not concur with the color of title, for the period of limitation. As to Lee's interest in that tract, a bill had been exhibited for a partition, before there had been seven years' payment of taxes

under color of title. A decree finding the interests of the several tenants in common and directing partition, was rendered, commissioners were appointed to allot the several interests of the tenants in common, a division was made setting apart to each his portion in severalty, which was reported to the court and approved, but deeds were not interchangeably made by the tenants, so as to complete the partition and vest the legal title in the portions assigned to each in severalty.* After these proceedings were had, Johnson paid all taxes on the portion allotted to him, and Lee's executors paid on the portion assigned to his heirs. If these payments can be regarded as paid by the person holding the color of title, then the bar of the statute is complete.

In the case of *Cofield* v. *Furry*, 19 Ill. 183, it was held, that it could make no difference, whether the taxes were paid by the trustee, the *cestui que trust*, by the landlord or by the tenant; as in either case the payment is made under the claim and color of title. It was also held that the true question is, under what title were the taxes paid. If paid under no claim and color of title, or under a title adverse to that to which they are sought to be applied, such a payment would not avail. The rule announced in that case was fully recognized and applied in *Darst* v. *Marshall*, 20 Ill. 227. In that case the payments were made by the several purchasers holding under a bond for a conveyance of the land, when it was held they were made under the claim and color held by the vendor. In the case of *Dawley* v. *Van Court*, 21 Ill. 460, it was held that payment of taxes by a stranger to the claim and color could not be availing. To have that effect they must have been paid in subordination to, and for the preservation of the title. It may be by a purchaser, by a tenant, by a trustee, by the *cestui que trust*, by the person holding the legal or equitable title, so that the person making the payment be connected

---

* NOTE BY THE REPORTER.—Since the partition in this case, the act of February 12, 1861, entitled " An act to amend chapter seventy-nine of the Revised Statutes, entitled ' Partition,' " has been passed. Sess. Acts, p. 181.

with the color of title, and make the payment under that title.

The proceedings under the decree of partition manifestly transferred to each tenant in common the equitable title to the portion assigned to them in severalty. They thereby became the owners of the equity for one-half and the legal title to the other half of the portion assigned to them. They were still connected with the claim and color of title, and paid taxes for the preservation of that title, and were in that as in all things else acting in subordination to the color of title. Each had the undoubted right to pay on the half of the lots set off under the decree to him, and also the right to pay on the other half under the equitable title conferred by the decree. They, as to that half, occupied the same relation to the color of title as if they had purchased, paid the money and received a bond for a conveyance, and no one under the decisions referred to would question the validity of such a payment.

Thus all taxes legally assessed were paid under claim and color of title for the full period of limitation, and it has created a bar to the redemption of any portion of the property. When the case was last before us, Johnson and his assignees were not before the court, and we were unable to know whether he had paid the taxes on the portion assigned to him, hence the decree was reversed as to that portion, that appellants might be heard on the question whether any portion set apart to Johnson was liable to redemption under the mortgage. But upon being brought into court he shows that he has paid all taxes assessed on that portion. When he paid on that portion he may be considered as having paid for the executors on the half to which they hold the legal title, and so of the executors of Lee, when they paid on the portion assigned to Lee's heirs. Occupying the relation to each other and to the estate which they severally did, it was their duty to pay on the portion assigned to them to preserve the benefit of the title.

But there is another principle which applies to this case. It is that payment of taxes by one tenant in common, on the joint property, enures to the benefit of both, and is considered

as the payment of both tenants. The taxes are imposed by law and operate as a charge upon the property, and if not the duty, it is the privilege, of either tenant in common to pay the taxes and look to the other for contribution. When Johnson, therefore, paid all the taxes assessed on the portion assigned to him as a tenant in common of the legal title, it enured to the benefit of all the tenants in common, and the same is true of the payments made by the executors on the other portion. Then we are bound to conclude that this completed the payment for the period of limitation. And in whatever point of view we consider the case, we have no hesitation in saying, that the bar to a redemption under the mortgage is complete, and the court below did right in dismissing the bill, and the decree must be affirmed. The abstract furnished by plaintiff in error was insufficient, but that furnished by defendants will not be taxed in the costs against plaintiff in error, inasmuch as it does not conform to the rule requiring a reference to the pages of the record.

*Decree affirmed.*