### WILLIAM MEACHAM

*v.*

### THOMAS WINSTANLY.

1. LIMITATION—*payment of taxes seven successive years under color of title to vacant land.* Where all the taxes legally assessed upon land are paid for seven successive years under color of title, while the land is vacant and unoccupied, and possession is then taken under such claim and color of title, this will establish a complete bar to an action of ejectment.

2. In making up the seven years' payment, it makes no difference that the assessment for the first year's payment was made before the color of title was acquired. It is sufficient if seven years intervene between the first and the last payment of taxes.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs, C. W. & E. L. Thomas, for the plaintiff in error.

Mr. James M. Dill, for the defendant in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an action of ejectment, brought in the St. Clair circuit court, by plaintiff in error, for the recovery of an undivided interest in a tract of land, from defendant in error.

Plaintiff, on the trial, traced title from the United States to himself; but defendant produced color of title and payment of taxes thereunder for seven successive years, whilst the land was vacant and unoccupied, and showed that, after such payment, possession and actual occupancy was had under the color of title. The court below held that these facts constituted a bar, and judgment was rendered in favor of defendant.

Plaintiff brings the case to this court, and seeks a reversal. He urges that defendant in error failed to prove the payment of all taxes legally assessed on the land for seven successive years under claim and color of title. The sheriff's deed to Hughes, under the numerous and uniform decisions of this court, was color of title. He received the deed, and it bears date the 15th day of November, 1852, and the taxes for that year were paid the first of March, 1853, under that claim of title. Hughes paid the taxes for each year from that time until and including the year 1856. Hughes having sold the land to McClintock, he paid the taxes for the years 1857–8. For these payments, regular tax receipts were produced.

This, then, was payment for seven successive years, of all taxes assessed upon this land, under the color of title, whilst the land was vacant, and this was followed by possession under the color of title and the payment of taxes. This brings the case within the second section of the act of 1839.

But it is said that the taxes of 1852 were not assessed after the color of title was acquired by Hughes, and should not be

counted. The statute does not make such a requirement. It says there shall be payment of all taxes legally assessed, for seven successive years. It is not claimed that the taxes for 1852 were not legally assessed, or that they were not paid under the color, and if so, that payment should be counted as are the others; and all that is required is, that there be payments for seven successive years, and that length of time between the first and last payment. *Stearns* v. *Gittings,* 23 Ill. 388; *Clark* v. *Lyon,* 45 Ill. 388; *Morrison* v. *Norman,* 47 Ill. 477.

In this case, defendant in error established a complete bar to the action, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*