FRANCIS HURLBUT

*v.*

WILLIAM B. BRADFORD.

*Filed at Ottawa March 26, 1884.*

1. LIMITATION—*act of 1839—payment of taxes—first and last payment—whether seven years must intervene.* The payment of all taxes on vacant and unoccupied land by a party, under color of title acquired in good faith, before possession taken, is a bar to an action of ejectment brought by the owner of the paramount title, even though the last payment of taxes is made more than four months less than seven years from the first payment, where possession is not taken under the color of title until after seven years have elapsed since the first payment.

2. SAME—*former decisions.* In *Meacham* v. *Winstanly*, 77 Ill. 269, it is inadvertently said that there must be seven years between the first and last payments, to complete the statutory bar. In that case it was not intended to overrule the cases of *McConnel* v. *Konepel*, 46 Ill. 519, and *Clark* v. *Lyon*, 45 id. 388. That question was not presented by the record, and in so far as it conflicts with those prior decisions it is overruled.

3. SAME—*by whom the taxes must be paid.* To create the statutory bar, the claim and color of title must coincide with the payment of taxes for seven successive years. The person paying the taxes must in some way be interested in or connected with the claim and color of title. A payment by a stranger to the claim and color of title does not answer the requirements of the statute.

4. SAME—*as to proof of payment by the proper person.* To defeat the parmount title by the payment of taxes under color of title, the proof of the payments by the holder of the color of title, or some one interested in the same, or on his behalf, must be clear and convincing. Such titles should not be overcome by loose and uncertain testimony, or upon mere conjecture or violent presumptions.

5. The holder of claim and color of title to vacant and unoccupied land, paid the taxes thereon in November, 1839, and soon after died. The receipts for the taxes of 1840, 1842 and 1843 were in his name, instead of being in the name of the heir or heirs: *Held,* that these payments could not be presumed to have been made by the heirs, or in his name by some unknown person for them, and without other evidence could not be treated as payments by the owner of the color of title.

APPEAL from the Circuit Court of Knox county; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. SANFORD & CARNEY, for the appellant:

It is not necessary that seven years should elapse after the first payment of taxes before the last one in the series. It is sufficient if the taxes of seven successive years are paid, and possession is not taken until after seven years from the first payment. *McConnel* v. *Konepel,* 46 Ill. 519; *Clark* v. *Lyon,* 45 id. 391. The case of *Meacham* v. *Winstanly,* 77 Ill. 269, was not intended to overrule these cases.

The tax receipt for 1839 is in the name of Russell Persons, dated November 16, 1839, before his death. The receipts for the years 1841, 1844 and 1845 are in the names of the heirs of Russell Persons, and are *prima facie* evidence of payment of taxes by them. The other three receipts, for the years 1840, 1842 and 1843, are in the name of Russell Persons,—a son of the deceased, and one of the heirs,—and are *prima facie* evidence of payment of taxes by him.


Mr. L. DOUGLASS, and Mr. J. B. BOGGS, for the appellee:

The Statute of Limitations did not begin to run until the first payment was made, November 16, 1839. The last payment was made June 5, 1846. The statute, as we understand it, requires seven full years between the date of the first and last payment of taxes. *Bride* v. *Watt,* 23 Ill. 507; *Clark* v. *Lyon,* 45 id. 391; *Dickenson* v. *Breeden,* 30 id. 327; *Stearns* v. *Gittings,* 23 id. 392; *Meacham* v. *Winstanly,* 77 id. 269; *Rawson* v. *Fox,* 65 id. 209.

The case of *McConnel* v. *Konepel,* 46 Ill. 519, was overruled by *Meacham* v. *Winstanly,* 77 Ill. 269.

In order to claim the benefit of section 9 of the Limitation law, the taxes must be paid for seven successive years by the person holding color of title. If paid for any one of the seven years by one not having the color of title, the limitation fails. *Dawley* v. *Van Court,* 21 Ill. 460; *Fell* v. *Cessford,* 26 id. 522; *Jayne* v. *Gregg,* 42 id. 416; *Coleman* v. *Billings,* 89 id. 183.

If the tax was paid by the proper party, in person, or by guardian, or by agent, it was a matter of proof, and no presumption can be indulged in the absence of proof. *Rawson* v. *Fox*, 65 Ill. 208.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by appellee, in the Knox circuit court, against appellant, for the recovery of a portion of the north-west quarter of section 8, town 11 north, range 4 east. On the trial in the court below the parties waived a jury, and submitted the case to the court for trial. The court found the issues for plaintiff, and a judgment was rendered against defendant, and a writ of restitution was awarded.

It is not disputed that appellee produced and read in evidence a connected chain of title from the United States government to himself; but to meet that title and defeat a recovery, appellant introduced a tax deed executed by the Auditor, bearing date the 9th day of February, 1835, for the entire quarter, to Russell Persons. He also produced and read in evidence a connected chain of title from Persons to himself, and read in evidence seven tax receipts for as many years' taxes on the land, the first bearing date the 16th day of November, 1839, and the last the 5th day of June, 1846. He also proved that the land was vacant and unoccupied during that period, and for many years afterwards; that the first improvement made on the land was in 1866 or 1867, and he had been in possession six or eight years at the time of the trial.

It is insisted that there was not payment of taxes for the statutory period, so as to create a bar to the action. From the date of the first payment to the last lacks something more than four months of seven years. Such payments were held to fulfill the requirements of the statute, in the cases of *McConnel* v. *Konepel*, 46 Ill. 519, and *Clark* v. *Lyon*, 45 id.

391. It was, however, said, in *Meacham* v. *Winstanly*, 77 Ill. 269, that there must be seven years between the first and last payments to complete the bar of the statute. That was inadvertently said, and was not intended to overrule *McConnel* v. *Konepel*, and *Clark* v. *Lyon, supra.* That question was not presented by the record, and so far as it conflicts with those previous decisions, it is overruled. We think that it does not matter that there is not seven years between the first and last payments, provided seven years does elapse from the first payment and entering into possession of the land.

But it is claimed that a number of payments were not shown to have been made by or for the heirs of Persons, after his death. It has been repeatedly held that the claim and color of title must coincide with the payment of taxes,—that the person paying the taxes must, in some way, be interested in or connected with the claim and color of title. (*Cofield* v. *Furry*, 19 Ill. 183.) A payment by a stranger to the claim and color of title does not answer the requirements of the statute. The payment must be under the color of title. *Dawley* v. *Van Court*, 21 Ill. 460, *Fell* v. *Cessford*, 26 id. 522, *Jayne* v. *Gregg*, 42 id. 416, *Coleman* v. *Billings*, 89 id. 183, *Newland* v. *Marsh*, 19 id. 376, *Dunlap* v. *Daugherty*, 20 id. 404, and *Bride* v. *Watt*, 23 id. 512, all assert this doctrine.

Inasmuch as the payment of taxes under color of title operates to defeat the paramount and all other titles, when relied on, the proof must be clear and convincing. Such titles should not be overcome by loose and uncertain testimony, or upon mere conjecture or violent presumptions. Is the evidence of payment of taxes by those holding the color of title, for seven years, clear and convincing? We think not. Persons paid taxes in 1839, as shown by the tax receipt; but soon after, and before the next taxes became due, he died, and the receipts dated in 1840, 1841 and 1842 are in his name. The remaining three are in the name of his "Hrs.," or the "Hrs." of R. Persons, and were evidently paid by or

for his heirs. On the death of Persons his claim of title descended to his heirs, and a payment in his name by some unknown person can not be presumed to be a payment for the heirs. In some of the cases referred to above, the payment was made by the grantor after he had sold the land, and it was held not to be sufficient under the statute. So, without explanation, payment in the name of a dead man is not sufficient, because the color of title and payment of taxes do not unite in the same person.

But it is urged that inasmuch as one of his sons was named Russell Persons, we must presume he paid the taxes for those years, or at least they were paid for him by the other heirs or his guardian, and under the cases of *Chickering* v. *Faile,* 38 Ill. 342, and *McConnel* v. *Konepel,* 46 id. 519, the payments inured to the benefit of all the heirs, and hence were under the color of title. The presumption that he paid them is repelled by his testimony. He says he was about thirteen years old at the time of his father's death; that he did not pay them, nor does he know who did,—in other words, he knows nothing in regard to their payment. Nor is there any evidence that he had a guardian, or if he had, that he had any means of his ward with which to pay the taxes. We are asked to make presumptions that are not warranted by the rules of evidence. If the payment was thus made, there surely is some evidence of the fact capable of being adduced. But be that as it may, appellant has failed, as to these three years, to prove that color of title and payment of taxes coincided in the heirs of Russell Persons, deceased.

We therefore are of opinion that the bar of the statute has not been made out by the proof, and the judgment of the court below must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG took no part in the consideration or decision of this case.