R. N. McCauley *et al.*

*v.*

James Mahon.

*Opinion filed October 24, 1898.*

1. Limitations—*proof of payment of taxes under color of title must be clear.* Proof of payment of taxes under color of title must be clear and convincing, as such payment, when established, operates to defeat the paramount title or any other title relied upon.

2. Same—*violent presumptions not resorted to to defeat paramount title.* Rights claimed to have been acquired under the Statute of Limitations cannot be established by loose and uncertain testimony, which necessitates resort to presumptions or mere conjecture.

3. Same—*the payment of taxes and color of title must coincide.* In order to be entitled to the benefit of sections 6 or 7 of the Limitation act, (Rev. Stat. 1874, p. 674,) the party paying the taxes must be interested in or connected with the claim or color of title, which must coincide with the payment of taxes.

4. Same—*to be available for attack, compliance with section 7 must be followed by possession.* A plaintiff in ejectment, relying on section 7 of the Limitation act relating to vacant and unoccupied land, must

prove not only compliance with that section, but also that he took possession of the land after the expiration of the seven years for which he paid the taxes.

5. EJECTMENT—*plaintiff must recover on the strength of his own title.* Plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of that of his adversary.

APPEAL from the Circuit Court of Richland county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

R. N. MCCAULEY, and H. G. MORRIS, *pro se.*

LEEDS & RAMSEY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of ejectment, brought by the appellee, James Mahon, against the appellants, R. N. McCauley and H. G. Morris, to recover the possession of forty acres of land in Richland county. After the first trial, which resulted in judgment for the plaintiff below, a new trial was prayed for, and granted under the statute, upon the payment of costs in the mode and within the time provided by the statute. The case then came on for trial a second time, and was tried before the court by agreement without a jury. Upon the trial the defendants submitted to the court, to be held as law in the decision of the case, eleven propositions, of which the first five were marked "refused," and the others were marked "held." The judgment of the court was in favor of the plaintiff, finding that he was the owner in fee simple of the premises described in the declaration, and ordering that he should recover the possession of the same and the costs, and that plaintiff have his writ of possession. The present appeal is prosecuted from such judgment.

The plaintiff below, appellee here, sought to establish title by introducing a tax deed dated February 1, 1883, executed by the county clerk of Richland county conveying the forty acres in question to one B. W. Mahon.

The appellee also introduced in evidence a guardian's deed from Ella L. Mahon, guardian of the minor heirs of B. W. Mahon, deceased, to the appellee, James Mahon, conveying the said forty acres, which said last named deed was dated October 17, 1885, and recites the appointment of Ella L. Mahon as guardian, her petition for the sale of the real estate, and the sale of the same to James Mahon for $........, no consideration being expressed in said deed. The plaintiff, under one or the other of said deeds as color of title, sought to prove the payment of taxes upon the forty acres during a period of seven years while the same was vacant and unoccupied. The evidence did not show, that the plaintiff was ever in possession of the forty acres, either after the expiration of the seven years during which the taxes are claimed to have been paid, or at any other time.

The defendants sought to establish title in themselves by a regular chain of conveyances from the government. We do not deem it necessary to pass any opinion upon the character of the title sought to be established by the appellants, the defendants below.

The declaration in this case was filed on October 30, 1895. In May, 1895, the appellants had the forty acres, which was then wild land, surveyed, and fenced it in, and cleared about six acres of it, and put some cattle in the enclosure. The fence was a wire fence, and enclosed the entire tract. It thus appears that appellants, at the time this action was brought, were in possession of the property.

In the first place, the proof in regard to the payment of taxes for a period of seven years under color of title is not clear or convincing. It is well settled by the decisions of this court that, as the payment of taxes under color of title operates to defeat the paramount and all other titles when relied on, the proof must be clear and convincing. (*Burns* v. *Edwards*, 163 Ill. 494; *Bell* v. *Neiderer*, 169 id. 54). The appellee testifies that he sent the money

to his agent to pay the taxes for certain years, but cannot say positively whether the agent did so pay them or not. The agent in his testimony mentions certain years, less than seven, during which he thinks he paid taxes, but his testimony upon the subject is indefinite and uncertain. Tax receipts were not produced for all of the years constituting the period of seven years. The collector's books and the township books for some of the years were missing from the treasurer's office where they were kept. Paramount titles or other titles, claimed to be set aside by rights acquired under the Statute of Limitations, can not be overcome by loose and uncertain testimony or upon mere conjecture or violent presumptions. (*Hurlbut v. Bradford*, 109 Ill. 397).

In addition to this, the agent, who is claimed to have paid the taxes, is uncertain for what person he paid such taxes during certain years named by him and embraced within said period of seven years. The rule is, that the claim and color of title must coincide with the payment of taxes, and that the person paying the taxes must in some way be interested in or connected with the claim and color of title. (*Hurlbut v. Bradford, supra*). In view of this uncertainty of the testimony of the agent, above referred to, it does not appear clearly, that the taxes for the whole period of seven years were paid for the person holding, or interested in, the color of title.

But besides the want of clearness in the proof as to the payment of taxes, the appellee, who was the plaintiff below, did not establish his right to a recovery in this action. If it be admitted that the appellee introduced a deed which was good color of title, and proved that he paid all the taxes thereon for a period of seven years while the premises were vacant and unoccupied, yet he did not prove that, after the bar had become complete thereby, he took possession of the premises. Where a plaintiff in an action of ejectment relies for his right to recover upon section 2 of the act of 1839, (which is sec-

tion 7 of our present Limitation act,) he must not only prove that he had color of title, and that he paid taxes for seven successive years upon the premises while they were vacant and unoccupied, but he must also prove that after the lapse of the seven years he took possession of the premises.

In *Paullin* v. *Hale*, 40 Ill. 274, we held that, while section 2 of the Limitation act of 1839 cannot be used as a sword to attack with, unaccompanied by possession, yet that, when the benefit of the bar under the statute had been once acquired, the right of possession thereby attaches to the occupant and remains with him, even if he should temporarily leave the possession, and enables him to recover the possession as against all persons as to whom his bar, if set up in defense, would have been available.

Again, in *McCagg* v. *Heacock*, 42 Ill. 153, we said (p. 155): "That when one had acquired color of title in good faith to vacant and unoccupied lands, and had paid the taxes thereon for seven successive years from the time his color of title was acquired, and had afterward got into possession of the land under such title, no title whatever could prevail against him, and this is the wide-spread understanding of community. Should the holder of the paramount title get into possession before the party who has color, and who has paid the taxes for seven successive years, such possession is protected." (See, also, *Hale* v. *Gladfelder*, 52 Ill. 91; *McDuffee* v. *Sinnott*, 119 id. 449; *Whitford* v. *Drexel*, 118 id. 600; *Gage* v. *Hampton*, 127 id. 87; *Sullivan* v. *Eddy*, 164 id. 391). In *Gage* v. *Hampton, supra,* it was held that, when the holder of color of title acquired in good faith pays all the taxes legally assessed on the land, to which the color of title relates, for seven successive years while it remains vacant and unoccupied, and then takes actual possession by enclosing the same with a fence, the bar of the statute will be complete, and the holder of such title may assert the same, either as a defense, or to regain possession if invaded.

It necessarily follows from these decisions that, if possession does not concur with the bar previously obtained by the payment of taxes for seven successive years on vacant and unoccupied land under color of title, the holder of such title cannot recover in an action of ejectment. The case of *Whitford* v. *Drexel, supra,* is a case very much like the case at bar. In the *Whitford case,* which was an action of ejectment to recover a strip off a lot, the plaintiff showed color of title for the whole lot, and also proved the payment of taxes thereon for seven successive years under such color of title, but failed to show any possession of such strip at any time; and it was there held, that the evidence did not authorize a recovery, and that the court properly instructed the jury to find for the defendant. So, in the case at bar, the appellee, in whose favor the judgment was rendered below, failed to show that he took possession of the property at any time; on the contrary, the proof does show that the appellants took possession of the property before the commencement of the present action.

Inasmuch as the appellee showed no right to recover, it is a matter of no consequence whether the appellants had any title or not. The plaintiff is bound to recover upon the strength of his own title, and not on the weakness of that of his adversary. (*Whitford* v. *Drexel, supra*).

The propositions of law, submitted by the appellants upon the trial below which were refused, announced the doctrine here stated as to the necessity of showing possession after the completion of the bar under section 7 of the Limitation act in order to establish a right of recovery. We are, therefore, of the opinion that the court below erred in refusing the propositions so submitted.

For the error thus indicated the judgment of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed. 　　　*Reversed and remanded.*