ERNEST M. TRAVERS

*v.*

W. A. McELVAIN.

*Opinion filed October 19, 1899.*

1. LIMITATIONS—*proof of compliance with statute must be clear.* Proof of payment of taxes under color of title, as specified in section 7 of the Limitation act, must be clear and convincing when relied upon to defeat the paramount title.

2. SAME—*payment of taxes on vacant lands must be followed by possession.* A plaintiff in ejectment who claims ownership of land, under section 7 of the Limitation act, by payment of taxes for seven successive years upon the property while vacant and unoccupied, must show that after the lapse of seven years he took possession of the premises.

3. SAME—*possession must be taken under color of title.* The taking of possession after payment of seven successive years' taxes, which is necessary to complete the bar of section 7 of the Limitation act, must be by one who, at the time of so taking possession, holds the color of title, either as original owner thereof or as purchaser or grantee. (*Peadro* v. *Carriker,* 168 Ill. 570, explained.)

4. SAME—*what will not constitute the possession required by section 7 of the statute.* Entry upon wild or swamp lands, on one or two occasions, for the purpose of cutting timber to be made into rails, posts and ties, is not such a possession as the law requires of one who has otherwise fulfilled requirements of section 7 of the Limitation act.

APPEAL from the Circuit Court of Hamilton county; the Hon. P. A. PEARCE, Judge, presiding.

This is an action of ejectment, originally brought on April 11, 1896, by the appellant against the appellee and John M. Gibson and Charles M. Morris for the recovery of 160 acres of land, described as the north-west quarter of section 3, township 7, in Hamilton county. On September 29, 1896, a plea of the general issue was filed. A verified plea was also filed by the appellee, denying possession of the south-west quarter of said north-west quarter. Gibson and Morris were in possession of the south-west quarter of the north-west quarter; and the suit was dismissed as to them, and an amended declaration was filed, describing the property sought to be recovered as the north-west quarter of said section 3 except the south-west quarter thereof.

A jury was waived, and the cause was submitted by agreement for trial to the court without a jury. The trial court, after hearing the evidence, made a finding and entered judgment in favor of the defendant below, the appellee here, to which the appellant, the plaintiff below, excepted.

The present appeal is prosecuted from the judgment so entered in favor of the appellee.

WEBB & LANE, and ARTHUR KEITHLEY, for appellant: ·

The payment of taxes, like the payment of money in discharge of a debt, may be proved by parol evidence although a receipt be given. *Hinchman* v. *Whetstone*, 23 Ill. 108; *Gage* v. *Hampton*, 127 id. 87.

It is not essential that the three elements of the bar of the statute,—color of title, payment of taxes and tak-

ing possession,—should all concur through the same person, but one may acquire the color of title and pay the taxes for the required period and then make conveyance to another, to whom all the rights of the grantor will pass, and a third person may, under a contract of purchase from such grantee, enter into possession, and thus the bar of the statute will become complete. *Hale* v. *Gladfelder,* 52 Ill. 91.

While in an action of ejectment the plaintiff must recover upon the strength of his own title, yet against a mere intruder, who sets up no title in himself or fails to show any title, he need prove only *prima facie* title sufficient to raise a presumption of ownership. *Combs* v. *Hertig,* 162 Ill. 172.

Actual possession of the land may arise by the use and control of timber land belonging to a farm or homestead, although disconnected therewith, for the ordinary supply of wood or timber for such farm or homestead. *Brooks* v. *Bruyn,* 18 Ill 539. .

Where a party has title or color of title to wood land, and uses the land for the purpose of obtaining wood for fuel or fencing for a farm in the neighborhood, under claim of ownership, this will constitute possession. *Scott* v. *Delaney,* 87 Ill. 146.

T. M. ECKLEY, for appellee:

Inasmuch as the payment of taxes under color of title operates to defeat the paramount and all other titles, when relied on the proof must be clear and convincing. Such titles should not be overcome by loose and uncertain testimony or upon mere conjecture or violent presumption. *Hurlbut* v. *Bradford,* 109 Ill. 397.

It is not enough that the taxes have been actually paid. They must have been paid by or on behalf of the person having color of title, and the burden is on the party claiming under such title to prove the payment by satisfactory evidence. *Timmons* v. *Kidwell,* 138 Ill. 13.

Notice by possession of the premises, to be sufficient, must be of that open and visible character which, from its nature, is calculated to apprise the world that the property has been appropriated and is occupied; also who the occupant is, or from which the occupant may be readily ascertained; and it must be such a use and occupancy as the property is adapted to. It must be of such a character as to arrest the attention and put a person claiming title upon inquiry. *Truesdale* v.*Ford,* 37 Ill. 210.

The cutting of timber·on unenclosed wild lands, without anything to define the extent of the alleged claim, is not, alone, such evidence of ownership as to amount to possession adverse to the true owner. 1 Am. & Eng. Ency. of Law, 263, note, and case cited.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In this action the appellant does not seek to recover as owner of the paramount title, but claims to have acquired title under section 7 of the Limitation law, which was section 2 of the act of 1839. (2 Starr & Cur. Ann. Stat. 1547).

It is the doctrine of this court, that, where a plaintiff in an action of ejectment relies for his right of recovery upon section 7 of the present Limitation act of this State, he must not only prove that he had color of title, and that he paid taxes for seven successive years upon the premises while they were vacant and unoccupied, but he must also prove, that, after the lapse of the seven years, he took possession of the premises. (*Gage* v. *Hampton,* 127 Ill. 87; *McCauley* v. *Mahon,* 174 id. 384). Whenever the bar of the statute has become absolute by the payment of all taxes legally assessed upon vacant and unoccupied land for seven successive years by a person, having color of title thereto made in good faith, and such person afterwards gets into possession of the land under such title, he has a title which is just as available for attacking

as for defensive purposes. The holder of such title may assert the same, either as a defense, or to regain his possession, if it is invaded.

In the present case, the evidence shows that, on June 16, 1864, a tax deed was executed by the sheriff of Hamilton county, conveying the property in controversy to Aaron G. Cloud. The proof tends to show, that Aaron G. Cloud, having this tax deed as color of title, paid all the taxes upon the premises in question, while the same were vacant and unoccupied, for some nine or ten years. The first payment of taxes by Cloud was made on March 29, 1865, and the last payment was made on June 20, 1874. No tax receipts were produced, showing the payment of taxes, nor was any oral evidence of such payment by the parties, making the same, produced at the trial. Cloud died in 1893. The payment of taxes was sought to be shown by entries upon the collector's books of Hamilton county for the respective years, in which the payments were made. Counsel for appellee criticises the evidence in regard to the payment of taxes as being indefinite and uncertain. The rule is, that proof as to the payment of taxes under color of title must be clear and convincing, as such payment, when relied upon, operates to defeat the paramount title. Paramount title should not be overcome by loose and uncertain testimony, or by mere conjecture, or by violent presumption. (*Hurlbut* v. *Bradford*, 109 Ill. 397; *Burns* v. *Edwards*, 163 id. 494).

The entries upon the collector's books do indicate some indefiniteness and uncertainty as to the description of the property, upon which the taxes were paid. It seems to be difficult to determine, from some of these entries, whether the alleged payments were made upon the property here in controversy, or upon property in some other section and township than section 3 and township 7. But we do not deem it necessary to decide in this case, that the appellant's proof in regard to payment of taxes for seven successive years was insufficient to establish

such payment. It may be conceded, for the purposes of this case, that the evidence in regard to the payment of taxes was sufficient.

It was, however, necessary for the plaintiff to show, that, after the bar of the statute had become complete by the payment of taxes for seven successive years upon the land while it was vacant and unoccupied, the holder of the color of title then took possession of the land. The plaintiff was not entitled to recover, unless he showed possession taken after the previous accruing of the bar. We do not think that the evidence in the record shows, that such possession as the statute contemplates was taken after the lapse of the seven years.

There are several well established rules as to what constitutes possession, which may be applied to the facts of this case in order to determine whether the acts of possession, set up by the appellant, constituted such possession as the law requires. The land must be appropriated to individual use in such a manner as to apprise the community or neighborhood, that it is in the exclusive use and enjoyment of the person so appropriating it. The possession of land may be acquired by any use, which clearly indicates an appropriation by the person who claims to hold the property. (*Gage* v. *Hampton, supra*). The possession should be of such open and visible character as to apprise the world, that the property has been appropriated, and is occupied. It must also be of such a character as to indicate who the occupant is, and it must be consistent with such use and occupancy as the property is suited for, or adapted to. The occupancy must be exclusive. If the possession is only used and enjoyed in common with others, or the public in general, it cannot be regarded as hostile to other persons claiming title. Its character must be such as to arrest attention, and put other persons claiming title upon inquiry. Such possession cannot be made out by inference, but only by clear and positive proof. (*Truesdale* v. *Ford*, 37 Ill. 210;

*McClellan* v. *Kellogg*, 17 id. 498; *Downing* v. *Mayes*, 153 id. 330; *Davis* v. *Howard*, 172 id. 340.) In *Gage* v. *Hampton, supra,* we said: "Possession of land may be acquired and held in different modes, by enclosure, by cultivation, by the erection of buildings, or other improvements, or, in fact, by any use that clearly indicates an appropriation to the use of the person claiming to hold the property." (*Truesdale* v. *Ford*, 37 Ill. 210).

Cloud, the holder of the color of title, who paid taxes on the land for seven successive years while it was vacant and unoccupied, never took possession at all. This is conceded by appellant. In 1875 Cloud conveyed the premises to Quackenbush and Duncan, who, in 1878, conveyed the same to one Whitley. In the same year, Whitley conveyed them to Luther, who conveyed them to one Hunter in 1879. On April 27, 1883, Hunter conveyed the same to Thomas H. Travers, an uncle of the present appellant. On July 6, 1883, Thomas H. Travers conveyed the premises to his nephew, the present appellant, Ernest M. Travers. So far as the record shows, no taxes were paid upon the premises by any of the parties holding under Cloud from 1875 to July 6, 1883, when the appellant obtained his deed. The proof is clear and uncontradicted, that down to April 27, 1883, when Thomas H. Travers obtained his deed, the premises were vacant and unoccupied. They were what were known as "wild" or "swamp" lands.

The testimony shows, that, in May, 1883, Thomas H. Travers made an arrangement with Thomas Porter, who lived about three-quarters of a mile from these premises, by which Porter agreed to keep trespassers from cutting timber from the land, and, in consideration thereof, Thomas H. Travers gave Thomas Porter permission to cut such timber therefrom as he himself should want. On one or two occasions Thomas Porter warned parties, trespassing upon the land by cutting timber therefrom, to cease doing so, saying, at the time, that he was the agent for the owner of the land. The proof also shows,

that, on one occasion, Thomas Porter found some ties on the land, which had been left there, and hauled the same away and sold them. The proof further shows that one H. W. Porter, a nephew of Thomas Porter, was upon one occasion employed by the latter to cut some timber on the land, and saw it into logs, and make rails and posts and ties out of the same. He did so, and hauled the posts, rails and ties away and sold the same. The testimony, however, is quite clear, that even these few acts, performed in behalf of Thomas Travers, and consisting of sawing logs, and making posts and ties and hauling the same away, were performed in the year 1884. This was after Thomas H. Travers had parted with his title, which he only held for a little more than two months, to-wit, from April 27 to July 6, 1883.

The acts thus referred to, and amounting to nothing more than cutting timber from the land on one or two occasions, are the acts which are urged upon our attention as constituting possession. If the cutting of timber in the manner thus indicated could be held to be such possession as the statute requires, it is quite clear that it was only done by, or in behalf of, Thomas H. Travers; and it was so done after Travers had deeded the property to his nephew, the present appellant, and thereby ceased to be the holder of the color of title. Under section 7 of the Limitation act, possession, after the accruing of the bar, must be taken by the holder of the color of title. Color of title and possession must concur in the same person. Section 7 of the Limitation act provides, that "all persons holding under such tax-payer by purchase, devise, or descent, before the seven years shall have expired, and who shall continue to pay the taxes, as aforesaid, so as to complete the payment of taxes for the term aforesaid, shall be entitled to the benefit of this section." (2 Starr & Cur. Stat. 1548). What is said in regard to section 7 in *Peadro* v. *Carriker*, 168 Ill. 570, must be read in the light of the clause thus quoted from said section 7.

But while it may have not been necessary for Cloud, after paying the taxes while holding the color of title, to take possession of the property himself in order to secure the benefit of the bar as an attacking force, yet it was necessary for some purchaser from him, or some grantee holding under him, to take possession while holding the color of title. It is not claimed that the present appellant took possession. Possession is claimed to have been taken by Thomas H. Travers; and, to be of any avail, it must have been taken while he held the color of title, but such was not the fact.

But, even if the acts performed by Thomas H. Travers, which are alleged to constitute possession, had been performed while he held the color of title, we do not think that they amounted to such possession as the law contemplates. "The cutting of timber on unenclosed wild lands, without anything to define the extent of the alleged claim, is not alone such evidence of ownership as to amount to possession adverse to the true owner." (1 Am. & Eng. Ency. of Law, p. 263; *Childress* v. *Calloway*, 76 Ala. 128; *Clements* v. *Hayes*, id. 280; *Bucks* v. *Mitchell*, 78 id. 61; *Parker* v. *Parker*, 1 Allen, 245; *Hale* v. *Gliddon*, 10 N. H. 297). The evidence is conclusive, in the case at bar, that none of the lands here in controversy were ever enclosed by a fence or otherwise, or put under cultivation, nor were any buildings, or other improvements of any sort, erected thereon at any time prior to 1891, when the appellee herein acquired the paramount title to the premises in question, and took possession thereof.

In *Harms* v. *Kransz*, 167 Ill. 421, we said: "The mere cutting of fire-wood upon land occupied by other persons and moving it off do not constitute such occupation as is contemplated by the statute." (*Drake* v. *Ogden*, 128 Ill. 603; *Hammond* v. *Carter*, 155 id. 579). We see no difference between the cutting of timber on wild and swamp lands for the purpose of using it for fire-wood, and cutting such timber for the purpose of making it into rails and posts

and ties, where the cutting is only done upon one or two occasions. In *Harms* v. *Kransz, supra,* we said, that, in most of the cases where the cutting of timber upon land had been held to indicate an adverse possession thereof, there had been improvements upon the land at the time such acts were performed; and the case of *Tucker* v. *Shaw,* 158 Ill. 326, was instanced as a case, where, although the party claiming to be in possession cut and hauled timber from swamp lands, and sold it to others to be converted into rails and posts and sawed lumber, it yet appeared that improvements had been made upon the land by way of building a dwelling, and clearing and fencing a certain number of acres. In the case at bar, the premises in question were not only not fenced or improved by the erection of any dwelling, but no part thereof was cleared, except so far as the cutting of timber on one or two occasions constituted a clearing.

The lands in question are described by all the witnesses as having been swamp and wild lands, which were used by anybody in that neighborhood who needed or desired timber. Many witnesses, who lived in the neighborhood for years, and lived there at the time when Thomas H. Travers held his color of title, say that no possession was taken, nor were any acts of ownership performed by Travers or anybody else to indicate to them that the lands were occupied, or had been appropriated by any person. Our conclusion is, that the proof does not show such a possession as the law requires, and, that, for this reason, the decision of the court below in favor of the defendant was correct. It is unnecessary to pass any opinion upon the validity of the title of the appellee, who was the defendant below, as it is well settled, that the plaintiff in an ejectment suit must recover upon the strength of his own title, and not upon the weakness of the title of his adversary.

The judgment of the circuit court of Hamilton county is affirmed.                          *Judgment affirmed.*