## Ernest M. Travers

### v.

## Walter A. McElvain.

*Opinion filed December 16, 1902.*

1. Ejectment—*what must be shown where a plaintiff relies upon section 7 of Limitation act.* If plaintiff in ejectment relies for his right of recovery upon section 7 of the Limitation act, he must prove not only that he had color of title and paid the taxes for seven successive years while the premises were vacant, but that he took possession after the seven years had elapsed.

2. Same—*what does not show possession.* That the grantor of the plaintiff, by his agent, cut a small quantity of timber from the premises and at various times warned trespassers off does not show possession, within the meaning of the Limitation law, where the premises are an undefined part of an unenclosed tract of swamp land, containing several thousand acres, from which persons residing in the vicinity indiscriminately cut timber.

3. Res judicata—*when Supreme Court's decision upon matters of evidence is conclusive.* If the Supreme Court, on appeal in an action of ejectment, decides that the acts proven by the plaintiff are not of a character which constitute possession, such decision is conclusive upon a subsequent trial, where additional testimony offered by the plaintiff merely proves more clearly the same acts or the same character of acts as were shown on the former trial.

Writ of Error to the Circuit Court of Hamilton county; the Hon. P. A. Pearce, Judge, presiding.

Webb & Lane, and Arthur Keithley, for plaintiff in error.

T. M. Eckley, for defendant in error.

Mr. Justice Hand delivered the opinion of the court:

This is an action of ejectment brought in the Hamilton county circuit court by the plaintiff in error, against the defendant in error, to recover possession of a quarter section of land located in said county. The case has been tried four times in the circuit court and heard on appeal in this court, and is reported as *Travers* v. *McElvain*, 181

Ill. 382, where will be found a full statement of the facts, and it is deemed unnecessary to re-state them here.

On the former appeal a judgment in favor of the defendant in error was affirmed on the ground that the plaintiff in error had failed to show title in himself, under section 7 of the Limitation law, (Hurd's Stat. 1899, chap. 83, p. 1117,) by proving, in addition to color of title and payment of taxes for seven successive years upon the premises while they were vacant and unoccupied, that after the lapse of the seven years he or his grantor or grantors, or some one of them, had taken possession of the premises under such color of title. After the disposition of the case in this court, and within the time provided by statute, the plaintiff in error paid the costs and was awarded a new trial by the circuit court, and the case having again come on for trial in that court, at the close of the plaintiff in error's testimony the court, of its own motion, directed a verdict in favor of the defendant in error, and judgment having been rendered thereon, this writ of error has been sued out to reverse said judgment.

In the case of *Travers* v. *McElvain, supra,* we said (p. 385): "It is the doctrine of this court, that where a plaintiff in an action of ejectment relies for his right of recovery upon section 7 of the present Limitation act of this State, he must not only prove that he had color of title and that he paid taxes for seven successive years upon the premises while they were vacant and unoccupied, but he must also prove that after the lapse of the seven years he took possession of the premises." If, therefore, the plaintiff in error failed to establish such possession the trial court ruled correctly in taking the case from the jury, although error may have been committed by the court in refusing to admit the collector's books in evidence for the purpose of establishing the payment of taxes for the statutory period. The evidence upon the question of possession found in this record is

of the same character as that in the record submitted on
the former hearing, and while it appears other and fur-
ther testimony was offered and heard on the last trial,
it was of the same character as that offered on the former
trial and contained nothing new and was merely cumu-
lative, and while the acts relied upon to show possession
may be more fully established in this record than in the
former,—*i. e.*, may have been testified to by a greater
number of witnesses,—still the acts relied upon in this
record as showing possession are the same acts, or acts
of the same character, as were shown by the record when
the case was here before and which were then held in-
sufficient to establish possession. In other words, while
the plaintiff in error may have more proof in this record
than was contained in the former, bearing upon the ques-
tion of possession, it is of the same quality and can avail
him nothing, as he was not defeated before by reason
of his failure to sufficiently establish the acts which he
claimed showed possession, but because it was held that
the acts proven, even if admitted to be true, were not of
a character which would establish possession under the
Limitation law of this State. It is not claimed that the
plaintiff in error, or his grantor or grantors, or any of
them, were ever personally in possession of the prem-
ises in question. The most that can be said is, that the
grantor of plaintiff in error was in possession through
his agent, one Thomas Porter, who blazed out the bound-
ary lines, cut an inconsiderable amount of timber there-
from, and at various times warned persons who sought
to trespass thereon to keep off of said premises. The
premises in question were part of a tract of unenclosed
swamp land containing several thousand acres, thickly
wooded, from which the people residing in the vicinity
thereof indiscriminately cut timber, and we think it clear
that the acts proven did not constitute possession within
the meaning of the Limitation law, as defined in *Zirn-
gibl* v. *Calumet and Chicago Canal and Dock Co.* 157 Ill. 430,

where, on page 447, it is said: "The adverse possession which is required to constitute a bar to the assertion of a legal title by the owner of it must include these five elements: It must be (1) hostile or adverse, (2) actual, (3) visible, notorious and exclusive, (4) continuous, and (5) under a claim or color of title. (1 Am. & Eng. Ency. of Law, p. 228, and cases cited in notes.) In Wallace's note to *Nepeau* v. *Doe*, 2 Smith's Lead. Cases, part 2, 707, it is said that the possession must be an actual, continued, visible, notorious, distinct and hostile possession. Substantially the same doctrine has frequently been announced by this court.—*McClellan* v. *Kellogg*, 17 Ill. 498; *Turney* v. *Chamberlain*, 15 id. 271; *Weaver* v. *Wilson*, 48 id. 125; *Ambrose* v. *Raley*, 58 id. 506; *Lancey* v. *Brock*, 110 id. 609."

When the case was here before, we said (p. 390): " 'The cutting of timber on unenclosed wild lands, without anything to define the extent of the alleged claim, is not alone such evidence of ownership as to amount to possession adverse to the true owner.' (1 Am. & Eng. Ency. of Law, p. 263; *Childress* v. *Calloway*, 76 Ala. 128; *Clements* v. *Hayes*, id. 280; *Bucks* v. *Mitchell*, 78 id. 61; *Hale* v. *Gliddon*, 10 N. H. 297; *Parker* v. *Parker*, 1 Allen, 245.) The evidence is conclusive, in the case at bar, that none of the lands here in controversy were ever enclosed by a fence, or otherwise, or put under cultivation, nor were any buildings, or other improvements of any sort, erected thereon at any time prior to 1891, when the appellee herein acquired the paramount title to the premises in question and took possession thereof. In *Harms* v. *Kransz*, 167 Ill. 421, we said: 'The mere cutting of fire-wood upon land occupied by other persons and moving it off do not constitute such occupation as is contemplated by the statute.' (*Drake* v. *Ogden*, 128 Ill. 603; *Hammond* v. *Carter*, 155 id. 579.) We see no difference between the cutting of timber on wild and swamp lands for the purpose of using it for fire-wood, and cutting such timber for the purpose

of making it into rails and posts and ties, where the cutting is only done upon one or two occasions. In *Harms* v. *Kransz, supra*, we said, that in most of the cases where the cutting of timber upon land had been held to indicate an adverse possession thereof, there had been improvements upon the land at the time such acts were performed; and the case of *Tucker* v. *Shaw*, 158 Ill. 326, was instanced as a case where, although the party claiming to be in possession cut and hauled timber from swamp lands and sold it to others to be converted into rails and posts and sawed lumber, it yet appeared that improvements had been made upon the land by way of building a dwelling and clearing and fencing a certain number of acres. In the case at bar the premises in question were not only not fenced or improved by the erection of any dwelling, but no part thereof was cleared, except so far as the cutting of timber on one or two occasions constituted a clearing." Furthermore, as the testimony now relied upon by the plaintiff in error to show possession is in legal effect the same as that found in the record when the case was before this court at the former hearing and was held insufficient to show possession, the decision in that case upon the question of possession is conclusive here. In *Clayton* v. *Feig*, 188 Ill. 603, it was said: "The case was before this court at a former term upon substantially the same evidence found in this record, (*Clayton* v. *Feig*, 179 Ill. 534,) when a number of the questions raised on this appeal were determined adversely to appellant. As to such questions, where no additional evidence was introduced on the last trial, that decision is conclusive.—*Elston* v. *Kennicott*, 52 Ill. 272."

Finding no reversible error in this record, the judgment of the circuit court will be affirmed.

*Judgment affirmed.*