[No. 3800.]

## NEWSOM v. DEFORD.

LIMITATIONS—*Payment of Taxes—Statute Construed.* Under the proviso of sec. 4090 of Rev. Stat., the owner of paramount title, in order to stay the course of the statute, must pay the taxes for one or more of the seven years next following the acquisition of color of title by the adverse claimant. Where one holding color of title pays all taxes upon the land for seven successive years, the payment of subsequent taxes by the holder of paramount title is of no avail.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. ISAAC PELTON, for appellant.

Mr. WILLIAM H. WADLEY, for appellee.

KING, J., delivered the opinion of the court.

The defendant, in an action to quiet title to the southwest quarter of section 27, township 2 north, of range 49 west, in Washington County, Colorado, pleaded as his defense the payment by him of all taxes legally assessed upon said land for seven successive years after he acquired title, and that during all such time the land was vacant and unoccupied. The defendant acquired color of title to said land February 6, 1901, by recording his tax deed. Thereafter the following payments of taxes were made by the defendant under such color of title:

On Feb.  4, 1902, the taxes assessed in 1901.
On Mar.  3, 1903, the taxes assessed in 1902.
On Feb. 26, 1904, the taxes assessed in 1903.
On May 13, 1905, the taxes assessed in 1904.
On Sep.  6, 1906, the taxes assessed in 1905.
On Feb. 30, 1907, the taxes assessed in 1906.
On Feb. 27, 1908, the taxes assessed in 1907.

During all of said time, and thereafter until the beginning of suit, the land was vacant and unoccupied. Plaintiff, having a better paper title to said land than was evidenced by defendant's tax deed, made the following payments of taxes:

On Jan. 6, 1909, the taxes assessed in 1908.
On Jan. 3, 1910, the taxes assessed in 1909.

This suit was commenced February 3, 1910, about nine years after defendant acquired color of title, and one day less than eight years after the first payment of taxes by defendant under such color. The question for determination is whether, under such showing, the payment by plaintiff, on January 6, 1909, of the taxes assessed in 1908, after the defendant had paid all taxes

legally assessed on said vacant and unoccupied land for the term of seven years after he had acquired color of title to said vacant and unoccupied land, arrested the running of the statute of limitations, notwithstanding the fact that suit was not instituted until more than seven full years - after the first payment of taxes by defendant. Our conclusion is that such payment of taxes, alone, by plaintiff did not toll the statute. Section 4090, Revised Statutes 1908, section 4656, Mills' Annotated Statutes 1912, provides:

"Whenever a person having color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title. * * * *Provided, however,* If any person, having a better paper title to said vacant and unoccupied land, shall during the said term of seven years, pay the taxes assessed on said land for any one or more years during the said term of seven years, then and in that case such person seeking title under claim of taxes paid, his heirs and assigns, shall not be entitled to the benefit of this section."

The evident meaning of the statute is that, in order to toll the statute by the payment of taxes, such payment must be of the taxes assessed on said land for one or more of the years comprised within "the said term of seven years" from and after the date color of title was acquired. Plaintiff did not make such payment. Defendant, under his color of title, had made seven successive payments, constituting the payment of all taxes legally assessed for the term of seven full years after he acquired such color. It was not necessary for him to pay in 1909 the taxes of 1908 in order to establish the bar, as that would be requiring eight years' payment

of taxes instead of seven.—*McConnel v. Konepel,* 46 Ill., 519; *Meacham v. Winstanly,* 77 Ill., 269; *Hurlbut v. Bradford,* 109 Ill., 397.   Under the rulings of this court and of the Supreme Court in *Empire R. & C. Co. v. Howell,* 22 Colo. App., 585, 126 Pac., 1096, and *Marks v. Morris,* 54 Colo., 186, 129 Pac., 828, the only way the statute can be arrested after color of title has been acquired and payment of taxes for a term of seven years thereunder has been made, is by the commencement of suit within seven years from the time the first payment under said color was made.

The judgment is affirmed.

*Affirmed.*