DANIEL PAULLIN

*v.*

T. JUDSON HALE.

1. LIMITATION LAW OF 1839 — *whether it may be invoked to recover possession temporarily abandoned.* While it is true that the second section of the limitation act of 1839 cannot be used as a sword, unaccompanied by possession, yet when the benefit of the bar, under the statute, has once been acquired, the right of possession thereby attaches to the occupant and remains with him, even if he temporarily leaves the possession, and enables him to recover the possession as against all persons as to whom his bar, if set up in defense, would have been available. This is the effect of all limitation laws.

2. INSTRUCTIONS. It is proper to refuse instructions which have no application to the case.

APPEAL from the Circuit Court of Knox county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. T. G. FROST, for the appellant.

Mr. L. DOUGLAS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment in the Knox Circuit Court, brought by T. Judson Hale against Daniel Paullin, to recover the possession of a certain tract of land in that county. The

cause was tried at the February Term, 1866, and resulted in a verdict for the plaintiff, that he was seised in fee of the premises in controversy. A motion for a new trial was made by the defendant, which was overruled, and exception taken, and judgment entered on the verdict, from which judgment Paullin appeals to this court, and assigns for error the refusal of the court to give instructions asked by him, numbered six, seven and eight, and in overruling the motion for a new trial, on the ground that the verdict was contrary to the law and the evidence.

The question presented by the record, and argued elaborately by counsel, is, as to the construction proper to be given to the second section of the limitation law of 1839.

It appears from the bill of exceptions that the plaintiff, to maintain the issue on his part, introduced a deed from John Tilson, Jr., to Adele Egligrey, and a conveyance from her to the plaintiff for the premises in dispute. Tilson's deed was dated September 22, 1830, and recorded on the 24th of that month. The deed from his grantee, Egligrey, to the plaintiff, was dated January 17, 1857.

The plaintiff proved the payment of all the taxes by Egligrey, assessed against the land for the years 1842, 1843, 1844, 1845, 1846, 1847, 1848 and 1849. It was also proved by one Conger, a witness for the plaintiff, that he knew the land well, and that he broke for plaintiff, in July, 1858, about twenty-one acres, and before that time the land had been vacant and unoccupied; was raw prairie; was all fenced in the summer of 1858 by Hale; a three-board fence was built on the west, north and east lines of the land; on the south it was joined to witness' brother's fence, and thus inclosed the quarter section; plaintiff occupied the land from July, 1858, to March or April, 1862, by himself and tenants; it was used a part of the time as pasture; plaintiff had a crop of wheat on the adjoining north-west quarter; all the boards were taken away in March or April, 1862, and a part of the posts; from fifty to one hundred posts on the north line, and nearly all the posts of the east fence were not taken. In February, 1864, one Drinkle

put a small building on the land for the defendant, about ten by twelve, of rough boards, running up and down, and with a board roof. It was occupied by defendant's family a short time. In the spring following two acres were broke adjacent to this shanty, and in 1865 it was nearly all broke, and a new house built on it by the defendant. The land was not used, cultivated or occupied from the time the fence was taken away up to the time the defendant built the shanty. The posts remained there until defendant took possession.

The defendant then read to the jury a patent from the United States to William Barnes, dated June 25, 1818; a deed from Barnes to Joseph Johnson, dated November 4, 1818; a deed from Joseph Johnson to William Thomas, dated April 8, 1856, and a deed from Thomas to the defendant, dated March 22, 1864, for the same premises. The defendant admitted he was in possession of the land, and this was all the evidence.

The defendant asked the court to give the following instructions, which the court refused, to which defendant excepted:

" 6. If the jury find upon the evidence that the defendant has, by a regular chain of conveyances from the government down, proved title and ownership in him, at the commencement of this suit, then by such proof all presumption of title in the plaintiff arising from the fact of prior possession for a less period than seven years, is subverted and overthrown by such proof of title, and the defendant in that case is entitled to a verdict, and this too although they should find that the plaintiff was first in possession and that he had not abandoned possession at the time the defendant entered."

" 7. The defendant in ejectment has a right to show title out of the plaintiff."

" 8. If title has been proved out of the plaintiff he cannot recover."

The argument on both sides has been confined chiefly to the second section of the limitation law of 1839, the appellant contending that under a proper construction of that section, a party who has complied with its provisions, and who having color of title made in good faith to vacant and unoccupied land, and

has paid all taxes thereon for seven successive years, cannot maintain an action of ejectment against the true owner in possession and oust him therefrom.

This is undoubtedly true, as this court decided in *Harding* v. *Butts*, 18 Ill. 507, but it is not the case now before us. One important element has been omitted from the theory of the appellant, and that is, possession of the premises, by the party holding the color and paying the taxes. This fact brings this case directly within the doctrine of the case of *Hinchman* v. *Whetstone*, 23 Ill. 190. In the first cited case, the party had never been in possession, in the last he had, and he recovered on this prior possession against the holder of the paramount title.

Ever since the case of *Newland* v. *Marsh*, 19 Ill. 376, it has been the settled law of this court, that this second section cannot be used as a sword, unaccompanied by possession, and to that rule we intend to adhere. But since the decision of the *Hinchman* case, we regard it as equally the settled law, that where the benefit of the bar, under the statute, has once been acquired, the right of possession thereby attaches to the occupant and remains with him, even if he temporarily leaves the possession, and enables him to recover the possession as against all persons as to whom his bar, if set up in defense, would have been available. This is, and has ever been, the effect of all limitation laws. Until the owner of the color of title has united actual possession to the color and to the payment of taxes, he is in no position to invoke the aid of the second section, because that section cannot become constitutionally operative until the person invoking its aid has acquired actual possession. Then, for the first time, it properly becomes a limitation law. But when these three things have concurred, then all the incidents of any other limitation law follow, one of which is admitted to be the right to recover a possession temporarily abandoned by the person who has acquired the benefit of the bar. These principles have become rules of property throughout this State, and from them we do not intend to depart.

This case falls directly within these principles; color of title, payment of taxes for seven successive years and actual possession of the premises have all concurred to place the appellee, who has acquired the benefit of the bar, in a position to defend his possession against all assailants. As was said in *Hichman's* case, 23 Ill. 185, a right to land acquired by limitation is affirmative and can be enforced. It gives the owner of such a right the aid of the law to protect him in that possession against all intrusion into, or trespass upon, the premises, by whomsoever made, precisely as if he were the owner of the paramount title. Id. 189.

These views and considerations dispose of the points and arguments made by both parties in this cause, and affirms the judgment of the Circuit Court.

As to the instructions, they were refused, probably, because they had no application to the case, and, as we think, were properly refused. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*