HENRY H. GAGE

*v.*

CHARLES M. SMITH *et al.*

*Filed at Ottawa June 20, 1892.*

1. LIMITATIONS—*color of title and seven years' payment of taxes—when a bar.* Where the color of title made in good faith, and the payment of taxes for seven successive years on vacant and unoccupied land, have become united with the actual possession of the holder of such color of title, then, and not until then, the bar of section 7 of the Limitation act becomes complete, operative and available against the holder of the true title.

2. PLEADING—*setting up section 7 of the Limitation act as a bar.* A plea to a bill to set aside tax deeds as clouds on the title to lots alleged in the bill to be in the possession of the complainant, setting up section 7 of the Limitation law as a bar, alleging the payment of all taxes on the property for seven successive years, under color of title, while it was vacant and unoccupied, is fatally defective if it fails to show that the party so paying the taxes took the actual possession of the lots after the payment of the seven years' taxes.

3. Where the seven years' limitation, based on the payment of taxes for seven consecutive years under color of title made while the land was vacant and unoccupied, is set up by plea as a bar to a bill to set aside a tax deed, it will not be presumed, in favor of the pleader, that he was in the actual possession of the land prior to that of the complainant alleged in his bill; and if the plea fails to allege such fact, it will be regarded as admitted that the defendant had not reduced the property to possession prior to the possession of the complainant.

4. PLEADINGS—*exactness required.* The same strictness and exactness are required in pleas in equity that are required in pleas at law, if not in matters of form at least in matters of substance. One requisite of such plea is, that it should clearly and distinctly aver all the facts necessary to render it a complete, equitable defense to the case made by the bill so far as the plea extends.

5. Where the allegations of a plea in equity, being taken as true, do not, so far as it purports to go, make out a full and complete defense, or where the necessary facts are to be gathered by inference, alone, it will not be sustained. It must be perfect in itself, so that if true it will make an end of the case, or of that part of the case to which it applies. It will be presumed that the defendant has stated his case in his plea as strongly and as favorably for himself as the facts will justify.

APPEAL from the Circuit Court of Cook county; the Hon.
MURRAY F. TULEY, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

Whenever a person having color of title, made in good faith,
to vacant and unoccupied land, shall pay all taxes legally as-
sessed thereon for seven sucessive years, he shall be adjudged
to be the legal owner of such land to the extent and according
to the purport of his paper title.    Rev. Stat. chap. 83, sec. 7.

There are no requirements in the statute directing that ap-
pellant should reduce the property to possession before he
could interpose the plea of the statute.

There is nothing in the record to show that appellant had
not reduced the property to possession after he had paid the
taxes thereon for seven consecutive years.

Mr. WILLIAM GIBSON, and Mr. GEORGE A. DuPUY, for the
appellees:

A plea must clearly and distinctly cover all those facts
which are necessary to render it a complete equitable defense
to the case made by the bill.    Beam's Pl. in Eq. 23.

A plea in order to be good, whether it be affirmative or
negative, must be either an allegation or a denial of some
leading fact, or of matters which, taken collectively, make out
some general fact which is a complete defense.    Story's Eq.
Pl. sec. 652.

The rule that a plea must reduce the defense to a single
ground must be understood as not interfering with the propo-
sition before laid down, that a plea may consist of a variety
of facts and circumstances.    All that it requires is, that those
facts and circumstances should give as their result one clear
ground, upon which the whole equity of the bill may be dis-
posed of.    Daniell's Ch. Pl. and Pr. chap. 15, sec. 1, p. 609.

Appellant pleads section 7, chapter 83, of the Revised
Statutes of Illinois, and relies on the following part of it:

"Whenever a person having color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land, to the extent and according to the purport of his or her paper title."

This section does not, by any means, now come to this court for construction the first time, for in *Harding* v. *Butts,* 18 Ill. 503, it is fully discussed, and in *Newland* v. *Marsh,* 19 Ill. 385, it is said: "Treating this section according to the literal import of the words, the effect is, that the title of the owner is taken from him and conferred upon another by force of the acts of paying the taxes for seven years under color of title, and such construction we hold would render this section null and void. We hold this section to be a limitation law barring the action, and nothing more, and it follows, therefore, that when the party in whose favor the limitation has run is in position to use it, is sued, he may invoke the law in bar of the action." *Paullin* v. *Hale,* 40 Ill. 277; *McCagg* v. *Heacock,* 42 id. 153.

That the holder of the color of title in good faith, after the payment of all the taxes on the land for seven successive years, while it remains vacant and unoccupied, must then take actual possession of the land before the bar of the statute will be complete, has become the settled law in this court in a long line of decisions besides those above cited. *Hale* v. *Gladfelder,* 52 Ill. 91; *Whitney* v. *Stevens,* 77 id. 585; *Gage* v. *Hampton,* 127 id. 87; *Meacham* v. *Winstanley,* 77 id. 269; *Whitney* v. *Stevens,* 89 id. 53.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is a bill in chancery, filed in the circuit court of Cook county by appellees, Charles M. Smith and others, against Henry H. Gage, the appellant. It is alleged in the bill that appellees are the owners of lots 20 and 21, in block 7, and

lots 25 and 26, in block 15, in Maplewood, in said county, and are in the open, actual and exclusive possession of all of said lots. The object of the bill is to remove certain tax deeds for said lots, held by appellant, as clouds upon the title of appellees.

The defense interposed by appellant to the bill is by way of a plea, in and by which plea he sets out each of the three tax deeds mentioned in the bill, and claims that they were each color of title in him, by the terms of which, as recited in each deed, a title in fee had been conveyed to him. He sets out in the plea that he received each of said deeds in good faith, and that each of said deeds was made in good faith, and that after obtaining each of said deeds he had paid all the taxes legally assessed upon said lots and land for seven successive years, while said lots and land were vacant and unoccupied, and that by virtue of such payment of taxes upon such vacant and unoccupied lots and land, under such color of title, made in good faith, he is entitled to have it deemed and adjudged that he is the owner of said lots and land according to the extent and purport of his paper title, which is a title in fee ; and he pleads in said plea the statute, and that by section 7 of chapter 83 of the Revised Statutes of Illinois of 1874 it is provided, that whenever a person having color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes legally assessed thereon for seven successive years, he shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land, to the extent and according to the purport of his paper title. This plea was set down for argument as to its sufficiency, and the circuit court refused to allow the plea, and overruled it, and appellant standing by said plea and refusing to answer the bill, the said court rendered a final decree, setting aside, upon equitable terms, the tax deeds, upon the ground they were clouds upon the title of appellees.

It is to be noted that it is not alleged in the plea that appellant, after he obtained his color of title and paid taxes for seven successive years, got into actual possession of the lots. It is urged, however, that there is no requirement in the statute directing that the holder of the color of title should reduce the land to possession before he can have the benefit of the statute. It is unnecessary at this late day to enter into a discussion of section 7 of the present Limitation act. Whatever may be the literal import of the words used in the section, yet it is only as a limitation law that it can constitutionally become operative, and statutes of limitation work upon the basis of a possession. When the color of title made in good faith, and the payment of taxes for seven successive years on vacant and unoccupied land, have become united with the actual possession of the holder of such color of title, then, and not until then, the bar of said section of the statute becomes complete, operative and available against the holders of the true title. This has long been the law of this State and a settled rule of property. *Newland* v. *Marsh*, 19 Ill. 385; *Paullin* v. *Hale*, 40 id. 277; *McCagg* v. *Heacock*, 42 id. 153; *Hale* v. *Gladfelder*, 52 id. 91; *Meacham* v. *Winstanly*, 77 id. 269; *Whitney* v. *Stevens*, id. 585; *McDuffee* v. *Sinnott*, 119 id. 450; *Gage* v. *Hampton*, 127 id. 87.

It is next urged that there is nothing in the record to show, or tending to show, that appellant had not reduced the property to possession after he had paid the taxes thereon for seven consecutive years. Appellees, by the averments of their bill of complaint, show possession, and make a good case for the interposition of a court of equity. Appellant admits the case stated by the bill, but interposes a plea in which he insists that the suit shall be held to be barred. He seeks to avail in his plea of the bar of the statute. It therefore devolves upon him to state such facts in his plea as show that the bar of the statute has become complete and operative. In *Cheney* v. *Patton et al.* 134 Ill. 422, we said: "The rule appli-

cable to pleas in equity is, that the same strictness and exactness are required in them that are required in pleas at law,—if not in matters of form, at least in matters of substance. One requisite of such plea is, that it should clearly and distinctly aver all the facts necessary to render it a complete equitable defense to the case made by the bill, so far as the plea extends. Where its allegations, being taken as true, do not, so far as it purports to go, make out a full and complete defense, or where the necessary facts are to be gathered by inference, alone, it will not be sustained. It must be specific and distinct, and must be perfect in itself, so that, if true, it will make an end of the case, or of that part of the case to which it applies,"—and Story's Equity Pleading, secs. 658, 665, 652, 2 Daniell's Ch. 103, *Allen* v. *Randolph*, 4 Johns. Ch. 693, and Puterbaugh's Pl. and Pr. Ch. 137, were cited as authority for what was thus said. The doctrine announced in that case is as applicable here as it was there. It can not be presumed in favor of the pleader that he was in the actual possession of the lots prior to the open, actual and exclusive possession of all of said lots that is alleged in the bill of complaint. The presumption, on the other hand, must be indulged that appellant has stated his case in his plea as strongly and as favorably for himself as the facts will justify. It must be regarded as an admitted fact of the case, that appellant had not reduced the property to possession prior to the possession of appellees. This being so, and the law being that the acquisition of possession by the party having color of title prior to actual possession being taken by the holder of the paramount title, is essential to the existence of the bar, it necessarily follows that the plea of appellant is bad, and that there was no error in overruling it, or in rendering the decree that was entered.

The decree of the circuit court is affirmed.

*Decree affirmed.*