August Torpe, Executor, et al., Defendants in Error, v. Helena Letts and John Earl Letts et al., Plaintiffs in Error.

Gen. No. 16,169.

1. MORTGAGES—*foreclosure of lien.* It would seem that no suit can be brought by an heir of the grantor of a trust deed given to secure a note, whereby the owner thereof can be required to file a cross-bill to foreclose his lien.

2. ABATEMENT—*when plea of pendency of prior suit properly overruled.* In a suit to foreclose a trust deed given to secure a note, a plea of the pendency of a prior suit by the heir of the grantor of such deed is properly overruled where it fails to set forth with certainty the nature, character and objects of such prior suit and the precise relief prayed, or that the proceedings were taken for the same purpose, or that any process was issued requiring complainant's appearance.

Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed February 11, 1913.

EDWARD J. KELLY, for plaintiffs in error.

J. M. CAMELON, for defendants in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This was a suit brought by one Pretzsch (since deceased), as the owner of a certain note to foreclose a trust deed given to secure the same, both of which were executed by Caroline Krauspe (since deceased), of whom plaintiff in error, Helena Letts, wife of the other plaintiff in error, was one of the surviving heirs. As parties defendant they filed a plea to the bill alleging the pendency of a prior suit brought by Helena Letts in the Circuit Court, and that Pretzsch was made defendant thereto as the unknown owner of said note.

While the plea formally states that the bill in the cause dependent was for the same subject-matter and sought the same relief, nevertheless it fails to set forth with any degree of certainty what was absolutely essential—its nature, character and objects, and the precise relief prayed therein (Story, Equity Pl., 12th Ed., sec. 737), or that the proceedings in the former suit were taken for the same purpose (*Id.* sec. 737; Behrens v. Sieveking, 2 Myl. & Cr. 602), or even that any process was issued requiring Pretzsch's appearance.

In the absence of a more precise description of the character of the former suit, it is difficult to comprehend how it could have sought the same relief, or what kind of a bill Helena Letts, standing in the shoes of her mother as a mortgagor or grantor in the trust deed, could exhibit that would have the same purpose as a bill to foreclose it.   Whatever the nature of said prior suit, we do not understand that Pretzsch could have been required to file a cross-bill to foreclose his lien.   Jones on Mortgage, vol. 3, sec. 1445; Mulcahey v. Strauss, 151 Ill. 70; Adams v. McPartlin, 11 Abb. New Cas. (N. Y.) 369.

The plea was defective in substance, and did not, as is requisite, clearly and distinctly aver all the facts necessary to render it a complete equitable defense to the bill.   Gage v. Smith, 142 Ill. 191; Cheney v. Patton, 134 Ill. 422.   It was properly overruled, and the decree will be affirmed.

*Affirmed.*