(No. 21440.—

DAVID G. ROBERTSON, Defendant in Error, *vs.* CLARA BACH-
MANN *et al.* Exrs., Plaintiffs in Error.

*Opinion filed April 22, 1933.*

HELMER E. BRANDELL, for plaintiffs in error.

CHENEY, EVANS & PETERSON, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On April 30, 1927, defendant in error, David G. Rob-
ertson, filed in the superior court of Cook county a bill to
quiet title to lots 27 and 28, in block 1, in Brown & Culver's

addition to North Evanston, and other land not involved by this writ of error, situated in said county. Siegmund Bachmann and others were made parties defendant to the bill. Summons was served upon none of the defendants but service was had by publication. All of the defendants were defaulted, and after a hearing before a master in chancery the court held and decreed on June 25, 1927, that title in fee simple to the property described in the bill was vested in Robertson. On October 10, 1927, Bachmann filed a verified petition, in which he alleged that he was the owner of the two lots above described, and that he had not been served with a copy of the bill filed by Robertson and had not received the notice required to be sent to him by mail and was not otherwise notified of the filing of the bill until after the decree of June 25, 1927, had been entered. The prayer of the petition was that the decree be set aside and that Bachmann be permitted to answer the bill. On October 17, 1927, leave was given Bachmann to answer the bill, and on October 21, 1927, he filed his answer. Subsequently, in January, 1928, an amended bill was filed by Robertson. Bachmann filed his answer thereto and a replication was filed by Robertson. The cause was referred to a master in chancery, who took the evidence and made a report recommending a decree confirming the decree of June 25, 1927. Objections and exceptions to the master's report were overruled and a decree was entered in accordance with the master's recommendation. Bachmann died before the decree was entered, and plaintiffs in error, Clara Bachmann and Burton Bachmann, executors of and trustees under his will, were substituted as parties defendant in his stead, and they have sued out a writ of error from this court for a review of the record.

Defendant in error, Robertson, has made a motion in this court to dismiss the writ of error on the ground that the plaintiffs in error have no interest in the case. The record shows that on September 28, 1927, Bachmann entered

into a contract in writing with Orville C. Green, Jr., by which he agreed to sell to Green all of his right, title and interest in the lots in question for $2500. On October 14, 1927, having received payment of the $2500 from Green, Bachmann and wife signed a quit-claim deed for the lots to Green and his wife. This deed was not acknowledged by Bachmann and wife, but it was stipulated that the signatures thereon were genuine. Bachmann testified that his impression was that the deed was delivered to Green. On the other hand, Isadore Goodman, an attorney who produced the deed at the hearing before the master, testified that the deed was not delivered to Green but was placed in his (Goodman's) hands, to be held until the case was disposed of and Bachmann relieved of any liability for costs. It is unnecessary, in the view we take of this case, to decide whether or not the deed was delivered to Green and the title, if any, of Bachmann to the lots in question passed thereby to Green and his wife. The deed was signed by Bachmann after he had filed his petition to be permitted to answer the bill. If the deed was delivered and all interest of Bachmann in the lots was thereby transferred to Green and wife they took as purchasers *pendente lite* and would be bound by all orders and decrees thereafter entered, and they had the right to appear in the litigation and defend their interests in Bachmann's name. (*Scott* v. *Milliken,* 60 Ill. 108; *Norris* v. *Ile,* 152 id. 190; *Weber* v. *Kemper,* 320 id. 11.) The writ of error in this case may be prosecuted by plaintiffs in error, who were made parties defendant in the place of Bachmann upon his death, in the interest of Green and wife, the purchasers *pendente lite.* (*Moore* v. *Jenks,* 173 Ill. 157.) The motion to dismiss the writ of error is denied.

The evidence shows that title to the lots in question passed from the United States through *mesne* conveyances to Charles E. Browne, who on March 16, 1887, by warranty deed conveyed the lots to Bachmann. The record shows

that from 1890 to 1927 the lots were vacant and unoccupied, and defendant in error, to establish his title thereto, relies upon section 7 of the Limitations act. On January 27, 1890, a tax deed was issued to Henry L. Glos for lot 27. His title to and interest in the lot passed by his will to Lucy M. Glos, who by a quit-claim deed dated April 30, 1927, and recorded May 2, 1927, conveyed her title to and interest in said lot to defendant in error. The evidence shows that Glos paid the taxes assessed against this lot for the years 1890 to 1897, inclusive, the taxes for 1890 being paid on March 24, 1891, and for 1897 on August 4, 1898. It is contended by plaintiffs in error that the record shows that this lot was sold for non-payment of the taxes for the year 1896. There is a notation in the tax judgment, sale, redemption and forfeiture record showing that the lot was sold for the taxes of that year on September 7, 1897, to C. S. Stanley, but a line is drawn through that notation, and the record shows that said taxes were paid by Glos on September 21, 1897. We think that the conclusion of the master that the notation of sale was erroneously made and that the taxes for the year 1896 on said lot were paid before sale is supported by the evidence. For the taxes of 1898 to 1925, inclusive, against this lot it was in each successive year forfeited to the State. On April 22, 1927, defendant in error redeemed the lot from these forfeitures by payment made to the county treasurer of Cook county.

On August 9, 1897, Jacob Glos obtained a tax deed to lot 28. By a quit-claim deed dated December 31, 1919, he conveyed his title to and interest in the lot to Emma J. Glos and others, who on January 26, 1927, executed a quit-claim deed for the lot to defendant in error. Jacob Glos paid the taxes for the years 1897 to 1899, inclusive, on that lot. For the taxes thereon for the years 1900 to 1925, inclusive, the lot was forfeited to the State in successive years, and on April 22, 1927, defendant in error redeemed the lot from those forfeitures.

It is the contention of plaintiffs in error that payment of taxes legally assessed against lot 28 for seven successive years, within the meaning of section 7 of the Limitations act, is not shown by the evidence. On the other hand, defendant in error contends that by his redemption from the successive forfeitures to the State he paid the taxes against the lot within the meaning of the statute. This court has held that neither the purchase of land at a tax sale nor a redemption of land from a tax sale is a payment of taxes within the meaning of the Limitations act. (*Hart* v. *Randolph,* 142 Ill. 521; *Woodruff* v. *McHarry,* 56 id. 218; *Irving* v. *Brownell,* 11 id. 402.) There appears to be no reason why, so far as a construction of the Limitations act is concerned, a redemption from a forfeiture should be regarded as different from a redemption from a tax sale. Under the Revenue law, if judgment of sale is obtained against land for taxes and the taxes are not paid before the date fixed for the sale and the land is offered for sale and sold, or if there are no bidders and it is forfeited to the State, there is no payment of the taxes within the meaning of section 7. It is true that section 189 of the Revenue act of 1872 provides that taxes on land may be paid at any time before sale. It is also true that in the strictest sense a forfeiture of land to the State is not a sale, but, whether land is sold at a tax sale or is forfeited to the State, the owner of the land, to redeem it, must do more than simply pay the taxes, as he is privileged to do before the sale or forfeiture. The method of making redemption in case land has been forfeited to the State is provided in section 227 of the Revenue act of 1872. It is only where taxes on land have not been paid that it is either sold or forfeited to the State, and neither a redemption from a sale nor a redemption from a forfeiture can be regarded as a payment of the taxes within the meaning of the Limitations act. Defendant in error cites and relies on *Hinchman* v. *Whetstone,* 23 Ill. 108, where it was shown that taxes for

the years 1839 to 1846 were paid, and it was held that whether the taxes for 1845 were paid within that year or the succeeding year made no difference. There was no showing in that case either of a sale or forfeiture of the land for non-payment of taxes, and so it is not in anywise contra to the decision we have reached on this point. That redemption from a forfeiture is not a payment of taxes within the meaning of section 7 of the Limitations act is in accord with the construction placed upon an identical section of the laws of Washington by the Supreme Court of that State. *Seymour* v. *Dufur,* 53 Wash. 756, 102 Pac. 756; *Kennedy* v. *Anderson,* 88 id. 457, 153 Pac. 319.

It has been the holding of this court in many cases that in order to perfect title under section 7 of the Limitations act it is necessary that the holder of the color of title take possession after the payment of taxes for seven years. (*Wylie* v. *Fisher,* 337 Ill. 488.) The possession taken must be such an appropriation of the land to the individual as will apprise the community in its vicinity that the land is in his exclusive use and enjoyment, and notice of possession, to be sufficient, must be of that open and visible character which from its nature is calculated to inform the world that the land is occupied and who is the occupant. (*Towle* v. *Quante,* 246 Ill. 568.) There is no fence around the lots in question, or either of them, and no improvement of any kind thereon. As showing that he took possession of the lots before filing his bill defendant in error relies on the following facts: About eight or nine o'clock on the morning of the day before he filed his bill he took a man to the lots and employed him to prune the trees thereon. The man worked there that day. On the morning of the day the bill was filed defendant in error took the man to the lots again and showed him additional limbs that he wanted sawed off of the trees. The man worked there that day. Subsequently defendant in error paid the man for his work. Edward Hubert, a witness for defendant in

error, who lived five blocks from the lots and who had been a policeman in Evanston, testified on April 12, 1928, that the lots were "vacant yesterday." He had never seen any-one on the property or working on it or any building on it since 1890. Within the last two years shrubbery had been cleared off the property. He did not know who did it and did not see it done. It is our opinion that the evidence did not establish that defendant in error had taken the actual and exclusive possession of the property that was necessary for him to show he had taken in order to establish his claim to title of the lots. *White* v. *Harris*, 206 Ill. 584; *Travers* v. *McElvain*, 181 id. 382; *Stalford* v. *Goldring*, 197 id. 156.

The decree of the superior court is reversed and the cause remanded, with directions to dismiss the bill of defendant in error as to the lots in question.

*Reversed and remanded, with directions.*