(No. 35873.—

CHICAGO TITLE AND TRUST COMPANY, Trustee, Appellant, *vs.* JOSEPH J. DROBNICK *et al.,* Appellees.

*Opinion filed October 31, 1960.*

McCLORY, BAIRSTOW & ANDERSON, of Waukegan, (ROBERT McCLORY, and DONALD M. LONCHAR, JR., of counsel,) for appellant.

MARK DROBNICK, of Waukegan, (OWEN N. PRICE, of Chicago, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff brought an action in the county court of Lake County under section 255 of the Revenue Act of 1939 (Ill. Rev. Stat. 1957, chap. 120, par. 736) to compel the holder of a tax title to reconvey the premises to the plaintiff as alleged owner of the property. After a hearing the trial court entered a judgment denying plaintiff's application for reconveyance. A freehold being involved, plaintiff appeals directly to this court.

On October 15, 1958, the Chicago Title and Trust Company filed an application for reconveyance of property known as Lot 70 in Goldman's Greenbay Road Highlands in Lake County. The application alleged that Joseph J. Drobnick, then a bachelor, was the grantee in a tax deed to these premises issued by the county clerk of Lake County, dated December 16, 1933, and recorded December 19 of

that year, that he subsequently conveyed the premises to the First National Bank of Waukegan as trustee, which bank as trustee later conveyed to Karl Drobnick as trustee, and Frances Drobnick as first successor in trust, all of whom were named defendants. Plaintiff alleged that none of the defendants were in possession or occupation of the premises, and, upon demand by plaintiff for reconveyance, they had refused tender of $571.95 offered by plaintiff and based upon an estimate prepared by the Lake County clerk. Plaintiff prayed for a reconveyance of the premises.

In answer, defendants denied that plaintiff was the owner of the premises, alleged they are in possession and took possession within the first year after the date of the tax deed, that plaintiff's action was barred by section 7 of the Limitations Act (Ill. Rev. Stat. 1957, chap. 83, par. 7) or by section 6 of said act, that defendants have had adverse possession of the premises for over twenty years, that plaintiff was guilty of *laches,* and prayed that the application for reconveyance be dismissed. By amendment, the defendants alleged that plaintiff had not complied with the provisions of the Revenue Act.

After hearing, the court denied plaintiff's application for reconveyance, holding that plaintiff's cause was barred by section 7 of the Limitations Act.

Plaintiffs bring their appeal directly to this court, alleging that their proofs were positive and conclusive and warranted relief under the Revenue Act, that section 7 of the Limitations Act was not a bar to an application for reconveyance, and that the evidence failed to show that defendants had complied with the requirements of the Revenue Act.

A review of the evidence presented reveals that on December 16, 1933, a tax deed was issued to Joseph J. Drobnick for the premises in issue. The premises were and remained unimproved, covered with brush, grass and cattails, but in the spring or early summer of 1934 Joseph J. Drob-

nick put up signs on the premises offering it for sale, thereafter occasionally visited the property and put up new signs, and in 1955 caused the lot to be surveyed. In the spring or early summer of 1958 Joseph J. Drobnick and his sons erected a fence enclosing the premises, consisting of three wires and steel posts, following the surveyor's lot stakes.

The tax title holder at no time instituted proceedings to take legal possession of the property within one year after issuance of the tax deed. The tax title holder did, however, pay all subsequent taxes on the premises as they became due, from 1933 to the filing of plaintiff's action.

Plaintiff brings this proceeding pursuant to section 255 of the Revenue Act, providing: "Whenever the grantee of a tax deed to real estate, or any one claiming thereunder, shall not be in possession or occupation of said premises so claimed and shall not take or institute proceedings in good faith to take possession within one year after the date of the first tax deed under his alleged tax title, or whenever the grantee of a tax deed to real estate or any one claiming thereunder shall suffer the same to be forfeited to the State or again sold for taxes or special assessments before he has completed the payment of all taxes and special assessments legally assessed thereon for seven consecutive years, then it shall be lawful for the owner of said real estate or his agent or attorney to pay or tender said tax title holder the amount of moneys paid out and expended by said tax title holder upon said sale with seven per cent (7%) interest per annum thereon, together with subsequent taxes and special assessments paid and the statutory fees and costs incurred, and that upon such payment or tender the said tax title holder shall reconvey the premises aforesaid to the owner thereof. The amount of such tender may be based upon an estimate prepared by the county clerk. Provided, however, that the county clerk shall not be required to include any subsequent taxes or special assessments in his certificate of

redemption, nor shall the payment thereof be a charge upon the land sold for taxes, unless the purchaser, assignee, or holder of the tax certificate of sale shall have filed with the county clerk, before redemption, an official, original or duplicate tax collector's receipt for the payment of such subsequent taxes or special assessments, and it shall be the duty of the tax collector to execute and furnish such duplicate tax receipts."

Plaintiff contends that the tax title holder did not take possession of the premises within one year after the date of the tax deed, and hence plaintiff, as owner of the real estate, may demand reconveyance, upon tender and payment to the tax title holder of all moneys paid out and expended by him upon the sale with seven per cent interest and subsequent taxes. Plaintiff asserts that since defendants did not take possession within one year after the date of the tax deed, defendants have no defense to the application for reconveyance.

Defendants contend, however, and the trial court so found, that section 7 of the Limitations Act bars plaintiff's action for reconveyance. That section provides: "Whenever a person having color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land, to the extent and according to the purport of his or her paper title. All persons holding under such taxpayer, by purchase, devise or descent, before said seven years shall have expired, and who shall continue to pay the taxes, as aforesaid, so as to complete the payment of taxes for the term aforesaid, shall be entitled to the benefit of this section: Provided, however, if any person, having a better paper title to said vacant and unoccupied land, shall, during the said term of seven years, pay the taxes assessed on said land for any one or more years of the said term of seven years, then and in that case such

taxpayer, his heirs and assigns, shall not be entitled to the benefit of this section."

The courts have held that in order to bar the rights of the owner of the paramount title the holder of color of title must take possession, in addition to having color of title, made in good faith, to vacant and unoccupied land, coupled with payment of taxes legally assessed for seven consecutive years subsequent to receipt of color of title. *Paullin* v. *Hale*, 40 Ill. 274; *Travers* v. *McElvain*, 200 Ill. 377; *Gage* v. *Smith*, 142 Ill. 191; *Woods* v. *Glos*, 257 Ill. 125; *Wylie* v. *Fisher*, 337 Ill. 488; *Robertson* v. *Bachmann*, 352 Ill. 291.

The tax deed received by the tax title holder in 1933 constitutes color of title, made and taken in good faith. (*Pyle* v. *Ferrell*, 12 Ill.2d 547.) The undisputed evidence shows that these premises were vacant and unoccupied land, and that defendants have paid the taxes for not just seven, but for 25 successive years, subsequent to the date of the tax deed.

Plaintiffs claim, however, that defendants did not take possession of the property. However, it is undisputed that defendants enclosed the property by a fence erected in the spring or early summer of 1958. To constitute possession the land must be appropriated to the individual use in such a manner as to apprise the community or neighborhood that it is in the exclusive use and enjoyment of the person so appropriating it. The character of the possession must be such as to arrest attention, and put others claiming title upon inquiry. Such possession cannot be made out by inference, but only by clear and positive proof. (*Travers* v. *McElvain*, 181 Ill. 382.) Enclosing the property with a fence gives such possession to the person claiming under color of title. *Gage* v. *Hampton*, 127 Ill. 87.

Plaintiff asserts that the fence erected by defendants was insubstantial and not such as endowed defendants with possession. The fence erected by defendants, as appears from the record, was not merely temporary or insubstantial,

was no sham fence, nor the mere stringing of a wire from tree to tree enclosing a small parcel of the lands. It appears to be a good, substantial fence, of three stout wires, strung on steel posts, entirely enclosing the premises, and placed upon the survey lines. It is not surprising that it fails to be discerned in a picture taken a year later, when grass and brush have grown up around it. It would certainly have been substantially evident to anyone attempting to enter upon the property, and it excluded all the rest of the world from enjoying and using the property. Defendants clearly established their possession in 1958 before the bringing of this action.

A review of the evidence in this case indicates that defendants had failed to comply with these provisions of the Revenue Act that would bar a reconveyance upon application of the owner taken before any statutory defenses become available to the tax-title holder. Nothing in the terms of section 255 of the Revenue Act, however, bars the application of section 7 of the Limitations Act, once its provisions have been complied with. The owner of real estate is chargeable with notice of any tax sale and deeds issued pursuant thereto. He is presumed to know that if he fails to pay the taxes upon property, it will be sold. He is charged with knowing that the seven-year Statute of Limitations may be applied. (*Wylie* v. *Fisher*, 337 Ill. 488.) The seven-year limitation statute provides for as much notice to owners of lands as the taking of possession within one year does under the Revenue Act.

Plaintiff's claim of title and ownership of these premises is barred by section 7 of the Limitations Act. Not being the owner of the lands, plaintiff is barred from seeking reconveyance under the Revenue Act. The judgment of the county court of Lake County is, therefore, affirmed.

*Judgment affirmed.*