(No. 44653.—

SLATIN'S PROPERTIES, INC., Appellee, v. ROSE HASS-
LER *et al.*—(Frank W. Tomenga *et al.*, Appellants.)

*Opinion filed Nov. 30, 1972.—Rehearing denied Jan. 26, 1973.*

PAUL S. SCHMID, of Wheaton, for appellants.

LYLE H. ROSSITER, of Glen Ellyn, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

An action to quiet title to several vacant city lots was commenced in the circuit court of Du Page County. Defendants filed a counterclaim alleging that they were the owners of the contested properties. The trial court sustained the counterclaim, finding that defendants were

the owners, but the appellate court reversed (*Slatin's Properties, Inc. v. Hassler, 132 Ill. App. 2d 882, 271 N.E.2d 665*), and we granted leave to appeal.

This cause involves two parcels of vacant and unoccupied property described as Lot 24 and Lot 11 of Block 6 located in the Glen Park Subdivision in Du Page County. The chronological sequence surrounding this cause was stipulated by the parties.

Plaintiff claims ownership of both lots from a chain of title originating from J. Duncan Barry's conveyances to the Chicago Title and Trust Co., as trustee, in April, 1928. Both deeds were promptly recorded. After a series of conveyances, plaintiff obtained title by quitclaim deed on December 6, 1956. Several months before instituting this action in 1965 plaintiff enclosed both lots with a wire fence. It is basically plaintiff's position that it possesses paramount title under the Conveyances Act which provides that deeds and other instruments shall take effect from and after the time they are filed of record. Ill. Rev. Stat. 1965, ch. 30, par. 29.

Defendant Frank Tomenga asserts ownership to Lot 11 through a chain of title originating from the purchase of the property by Anton Vanha under warranty deed from J. Duncan Barry (the common grantor) executed in October, 1927. However, this deed was not recorded until August 28, 1929. After a series of conveyances, Tomenga acquired the property in 1952 from the executor of Vanha's estate.

Co-defendant Frances Arne, as devisee of her husband's estate, claims ownership of Lot 24 based upon a contract to purchase this property entered between her husband and the Du Page Building and Development Organization on August 30, 1927. This contract was not recorded.

The record further indicates that each defendant and their predecessors have paid all general real-estate taxes and special assessments for sanitary disposal, sidewalks and

weed removal since 1928 until 1967 and during oral argument defense counsel has informed this court that defendants have continued to pay taxes until the present time.

Conversely, plaintiff and its predecessors in title have never paid any general real-estate taxes or special assessments levied upon the lots for approximately 40 years. Based upon these facts defendants contend that plaintiff, as holder of the paramount title (the record title), is barred from maintaining this action by section 7 of the Limitations Act which provides: "Whenever a person having color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land, to the extent and according to the purport of his or her paper title. ***" Ill. Rev. Stat. 1965, ch. 83, par. 7.

This section was originally enacted in 1839 (Laws of 1839, section 2, pp. 266-267, approved March 2, 1839) and has remained virtually unchanged. Numerous decisions of this court have construed section 7 as requiring that the person having color of title made in good faith and thereafter paying the legally assessed taxes for seven successive years must also take possession of the property. *E.g., Failoni v. Chicago and North Western Ry. Co., 30 Ill.2d 258, 261; Chicago Title and Trust Co. v. Drobnick, 20 Ill.2d 374, 379; White v. Harris, 206 Ill. 584, 589; Gage v. Smith, 142 Ill. 191, 195; Paullin v. Hale, 40 Ill. 274, 277; Stearns v. Gittings, 23 Ill. 332, 337.*

It is not seriously questioned that each defendant holds color of title which was received in good faith and has paid taxes for over seven years. They contend, moreover, that in light of the character of the property involved in this proceeding they have exercised sufficient acts of "possession" necessary to assert the bar imposed by section 7. These are described as payment of real estate taxes and special assessment levies for sewerage, sidewalks

and weed removal. However, they are unable to cite any authority to support their position that these acts constitute sufficient possession under that section.

Possession within the meaning of section 7 has been defined as the appropriation of land "to the individual use in such a manner as to apprise the community or neighborhood that it is in the exclusive use and enjoyment of the person so appropriating it. The character of the possession must be such as to arrest attention, and put others claiming title upon inquiry." (*Chicago Title and Trust Co. v. Drobnick, 20 Ill.2d 374, 379;* see also *Robertson v. Bachmann, 352 Ill. 291, 296; Wylie v. Fisher, 337 Ill. 488, 490; Towle v. Quante, 246 Ill. 568, 574.*) We do not believe that defendants' mere payments of taxes and special assessments constitute sufficient acts of "possession."

Alternatively, defendants argue that this court has misconstrued the requirements of the section in necessitating the element of possession to effectuate the bar. We do not agree. The requirement of possession has become a well-settled rule of property in this jurisdiction and defendants have advanced no compelling argument necessitating reconsideration of these decisions.

Defendants further argue that plaintiff is precluded from instituting this suit because it is barred by *laches.* The appellate court held that the issue was properly before it, and we agree. (132 Ill. App. 2d 882, 887, 271 N.E.2d 665, 669.) The appellate court rejected defendants' contention, having concluded that plaintiff's title would be transferred merely because it had failed to pay taxes and this result could only occur under section 7 of the Limitations Act (Ill. Rev. Stat. 1965, ch. 83, par. 7) or the pertinent sections of the Revenue Act (Ill. Rev. Stat. 1965, ch. 120, par. 697 *et seq.*).

We find that the appellate court, however, was unduly restrictive in adversely ruling upon defendants' contention. The defense of *laches,* which is dependent upon the facts

of each case, has been defined as "such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity." (*Pyle v. Ferrell, 12 Ill.2d 547, 552.*) When the facts indicate that it would be inequitable to allow a party to assert title, *laches* will bar this right even within the statutory period of limitation. *McCleary v. Lewis, 397 Ill. 76, 83.*

In *Pyle* the court considered four factors in determining the applicability of this equitable defense: "(1) Conduct on the part of the defendant giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant having had notice or knowledge of defendant's conduct and the opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit, and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is held not to be barred." 12 Ill.2d at 553.

Under the circumstances of this case we believe that the aforementioned requirements were met, thereby establishing the defense of *laches* which bars plaintiff's action in the present case. Defendants who apparently do not reside within this jurisdiction have claimed ownership of the property in question and, if plaintiff is allowed to succeed in this suit, they will be prejudiced inasmuch as they will lose any right to the property for which they and their predecessors have assumed the increasing tax burden for 40 years.

The only remaining factor to be considered is whether plaintiff had notice or knowledge of defendants' claims, yet unreasonably delayed in asserting its rights. In announcing his decision the trial judge, after examining plaintiff's chain of title, commented that plaintiff and its

predecessors were "not neophyte[s] or amateur[s] in real estate or title matters." Moreover, defendants' payment of taxes for nearly nine years after plaintiff acquired title to these lots was a matter of public record and it appears that defendants did not commit any deceptive act which would prevent plaintiff from discovering their possible claim. At the time plaintiff acquired the property, its principal office was located in Du Page County in proximity to the necessary records. Under these particular facts, we conclude that plaintiff failed to exercise the required vigilance by which it could have ascertained defendants' claims and promptly instituted the necessary action. See *Pyle v. Ferrell, 12 Ill.2d 547, 554.*

In this action to quiet title, both plaintiff and defendants seek affirmative relief. All necessary persons are made parties to the suit. We believe that ownership of the properties involved should be permanently determined under these circumstances. As previously noted, possession necessary to effectuate the bar of section 7 of the Limitations Act must be of such nature as to place others claiming title upon inquiry and to apprise the community or neighborhood that it is in the exclusive use and enjoyment of the person or persons so appropriating it.

We have heretofore concluded that, by virtue of the payment of taxes for approximately 40 years by the defendants, the plaintiff should have been put on inquiry as to defendants' adverse claims and is now barred by *laches* from asserting any claims to the premises in question.

For these reasons, the judgment of the appellate court is reversed and the judgment of the circuit court of Du Page County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*